**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 26 2018

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

JOHN STANDLEY SNORSKY _____, Plaintiff

v.

RICH RAEMISCH _____,

TRAVIS TRANI _____,

ASSOCIATE WARDEN JOHN DOE _____,

EVE LITTLE _____, Defendant(s).
✗ SEE ATTACHED ✗

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**PRISONER COMPLAINT**

---

| **NOTICE** |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

BRIAN HOLMAN, S. STURGEON, DANIEL DENT, R. NEFF, REED, BRANDEN HAGENS, CASE MANAGER III JOHN DOE, INTEL OFFICER JOHN DOE, INTEL OFFICER JANE DOE, LESLIE BEELER, CARRIE RICOTTA, TORIBIO, TIMOTHY RODESCAPE, ERIC GILBERT, SGT ARNOLD, JAMES AIKENBACK, SGT WORTHEN, CO JABO, CO YOUNG, CO KEWITZER, CO JOHN PREDMORE, SGT CHASE, CO ANDREW CORTEZ, CO JASON GUMP, CO ROBERT ROMERO, CO MARTINEZ, CO WHITE, CO WATZKA, CO JORDAN, CO KELLEY, CO ELLIS, CO BARNES, CO COWDEN, CO BUSCH, CO PARLETTE, CO STITT ~~~~, CO GONZALES, UNKNOWN MEMBERS OF P.C. ~~~~ HEARINGS COMMITTEE AND UNKNOWN RESPONDING OFFICERS; LT. MCVAY, LT ROBERTS, LT MICHAEL SHERWOOD.

* ATTACHED DEFENDANTS NAMES *

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

JoHN STANDLEY SNORSKY #128847 C.S.P. P.O. Box 777 Canon City, CO, 81215
(Name, prisoner identification number, and complete mailing address)

JOHNATHAN SNORSKY
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
__X__    Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    RICH RAEMISCH, EXECUTIVE DIRECTOR CDOC HEADQUARTERS 1250 ACADEMY
(Name, job title, and complete mailing address)

Loop, Colorado Springs Colo 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ____ No (*check one*). Briefly explain:

WAS THE EXECUTIVE DIRECTOR OF CDOC.

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2: ___TRANS TRANI, CSP WARDEN  P.O. BOX 777 Canon City, CO 81215___
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

___WAS THE WARDEN OF CDOC  COLORADO STATE PRISON C.S.P.___

_____

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: ___JOHN DOE ASSOCIATE WARDEN CSP PO BOX 777 Canon City___
(Name, job title, and complete mailing address)

___CO 81215___

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

___WAS THE ASSOCIATE WARDEN OF CSP___

_____

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

*4 ADDITIONAL ATTACHED PAGES.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___   Other: (*please identify*) _____

3

B. DEFENDANT(S) INFORMATION:

DEFENDANT 4: EVE LITTLE, INTEL OFFICER, CDOC HEADQUARTERS 1250 ACADEMY LOOP COLORADO SPRINGS CO 80910, DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS HEAD OF INTEL AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 5: BRIAN HOLMAN, SCF (STERLING CORRECTIONAL FACILITY) CASEMANAGER, P.O. BOX 6000, STERLING, CO. 80751, DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS CASEMANAGER AT SCF AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 6: S. STURGEON, SCF CASEMANAGER, P.O. BOX 6000 STERLING CO. 80751, DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS CASEMANAGER AT SCF AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 7: DANIEL DENT, INTEL OFFICER C.S.P., PO BOX 777 CANON CITY CO 81215 DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS INTEL OFFICER AT C.S.P AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 8: R. NEFF, CASE MANAGER, P.O. BOX 777 CANON CITY CO 81215 DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS CASEMANAGER AT C.S.P AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 9: REED, INTEL OFFICER, P.O. BOX 777 CANON CITY CO 81215, DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS INTEL OFFICER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 10: BRANDEN HAGENS, INTEL OFFICER, PO BOX 777 CANON CITY CO 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS INTEL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 11: CASEMANAGER III JOHN DOE, CASEMANAGER III, P.O. BOX 777 CANON CITY CO. 81215, DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS HEAD CASEMANAGER AT C.S.P AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 12: INTEL OFFICER JOHN DOE, INTEL OFFICER, CDOC HQ 1250 ACADEMY LOOP COLORADO SPRINGS, CO. 80910, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS INTEL OFFICER AT DOC HQ AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 13: INTEL OFFICER JANE DOE, INTEL OFFICER, CDOC HQ 1250 ACADEMY LOOP COLORADO SPRINGS, CO. 80910, DEFENDANT WAS ACTING UNDER THE COLOR

* ATTACHMENT 1 OF 4

## B. DEFENDANT(S) INFORMATION

OF STATE OR FEDERAL LAW AS INTEL OFFICER AT CDOC HQ AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 14: LESLIE BEELER, CASEMANAGER, P.O. Box 777 Canon City, CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS CASEMANAGER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 15: CARRIE RICOTTA, CASEMANAGER, P.O. Box 777 Canon City CO 81215, Defendant WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS CASEMANAGER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 16: TORIBIO, CSP SGT, Po Box 777 Canon City CO 81215. DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS SGT. AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 17: TIMOTHY RODESCAPE, CSP SGT, PO BOX 777 Canon City CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS SGT AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 18: ERIC GILBERT, CSP SGT, PO BOX 777 Canon City CO 81215, Defendant was acting under THE COLOR OF STATE OR FEDERAL LAW AS SGT AT C.S.P. AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 19: SGT ARNOLD, CSP SGT, Po Box 777 Canon City CO 81215, Defendant was acting under the color of State or Federal Law as SGT at CSP AND IS SUED IN his individual and official Capacity.

Defendant 20: James Altenback, CSP SGT, Po Box 777 Canon City CO 81215, Defendant was acting under the color of STATE OR FEDERAL LAW AS SGT AT C.S.P. AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

Defendant 21: SGT WORTHEN, CSP SGT, PO Box 777 Canon City CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A SGT AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 22: CO SABO, CSP Officer, P.O. Box 777 Canon City CO 81215, Defendant was acting UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER OT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 23: CO YOUNG, CORRECTIONAL OFFICER, Po Box 777 Canon City CO 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 24: CO KENITZER, CORRECTIONAL OFFICER, P.O. Box 777 Canon City CO 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

* ATTACHMENT 2 OF 4

B. DEFENDANT(S) INFORMATION:

DEFENDANT 25: CO JOHN PREDMORE, CORRECTIONAL OFFICER, P.O. BOX 777 Canon City, Co 81215, DEFENDANT WAS ACTING UNDER COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 26: SGT CHASE, CSP SGT, PO BOX 777 CANON City Co 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 27: CO ANDREW CORTEZ, CORRECTIONAL OFFICER, P.O. BOX 777 Canon City Co 81215, Defendant was acting under the color of State or federal Law as a Correctional officer at C.S.P and IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 28: CO JASON GUMP, Correctional officer, P.O. BOX 777 Canon City Co. 81215 Defendant was acting under the color of State or federal law as a Correctional officer at CSP and is Sued in his individual and official capacity.

Defendant 29: CO Robert Romero, Correctional Officer, P.O. BOX 777 Canon City Co 81215 Defendant was acting under the color of State or federal Law as a Correctional officer AT CSP and is Sued in his individual and official Capacity.

Defendant 30: CO martinez, Correctional officer, P.O. BOX 777 Canon City Co 81215 Defendant was acting under the Color of State or federal law as a Correctional officer at CSP and is Sued in his individual and official Capacity.

Defendant 31: CO White, Correctional Officer, P.O. BOX 777 Canon City Co 81215 Defendant was acting under the color of STATE or federal law as a Correctional officer AT CSP, AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

Defendant 32: CO WATZKA, Correctional Officer, PO BOX 777 Canon City Co 81215, Defendant was ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

Defendant 33: CO Jordan, Correctional OFFICER, PO BOX 777 Canon City Co 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 34: CO KELLEY, CORRECTIONAL OFFICER, P.O. BOX 777 Canon City Co 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 35: CO ELLIS, CORRECTIONAL OFFICER, P.O. BOX 777 Canon City Co 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 36: CO BARNES, CORRECTIONAL OFFICER, PO BOX 777 Canon City Co 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

* ATTACHMENT 3 OF 4

B. DEFENDANT(S) INFORMATION:

DEFENDANT 37: CO COWEN, CORRECTIONAL OFFICER, PO BOX 777 CANON CITY CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY

DEFENDANT 38: CO BUSCH, CORRECTIONAL OFFICER, PO BOX 777 CANON CITY CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 39: CO PARLETTE, CORRECTIONAL OFFICER, PO BOX 777 CANON CITY CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 40: CO STITT, CORRECTIONAL OFFICER, PO BOX 777 CANON CITY, Co. 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 41: CO GONZALEZ, CORRECTIONAL OFFICER, PO BOX 777 CANON CITY CO 81215 DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A CORRECTIONAL OFFICER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 42: UNKNOWN MEMBERS OF CDOC PROTECTIVE CUSTODY COMMITTEE, ADDRESS UNKNOWN, DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS P.C. HEARING COMMITTEE MEMBERS OF CDOC AND IS SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 43: UNKNOWN RESPONDING, CSP OFFICERS, P.O. BOX 777 CANON CITY CO 81215, DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS OFFICERS AT CSP AND ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 44: LT MCVAY, CSP LT UNIT(C)COMMANDER, PO BOX 777 CANON CITY CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A LT AND SHIFT COMMANDER AT CSP AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY

DEFENDANT 45: LT ROBERTS, CSP LT, PO BOX 777 CANON CITY, Co. 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A LT AND SHIFT COMMANDER AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT 46: LT MICHAEL UHERWOOD, CSP LT, PO BOX 777 CANON CITY CO 81215, DEFENDANT WAS ACTING UNDER THE COLOR OF STATE OR FEDERAL LAW AS A UNIT F LT AT CSP AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

* ATTACHMENT 4 OF 4

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  FAILURE TO PROTECT, CRUEL AND UNUSUAL PUNISHMENT

Supporting facts:

1) ON OR ABOUT OCTOBER 2014, THE PLAINTIFF, JOHN STANDLEY SNORSKY, ARRIVED AT C.D.O.C. (COLORADO DEPT. OF CORRECTIONS) FACILITY C.S.P. (COLORADO STATE PRISON) ALSO KNOWN TO INMATES AS "THE SLAUGHTER HOUSE," WHERE INMATE-ON-INMATE VIOLENCE IS COMMON AND UNCHECKED.

2) THE PLAINTIFF IMMEDIATELY REPORTED TO INTAKE OFFICERS AND MENTAL HEALTH STAFF THAT HE WAS IN FEAR FOR HIS LIFE DUE TO LONGSTANDING CUSTODY ISSUES THAT PUT HIM AT-RISK OF SERIOUS HARM OR POSSIBLY EVEN DEATH AT THE HANDS OF OTHER OFFENDERS.

3) THE PLAINTIFF STATED THAT HE CAME TO CDOC IN 2014 WITH A VERY HIGH PROFILE CASE THAT HE WAS FIGHTING WHICH WAS CONSTANTLY IN THE MEDIA AND MADE HIM EASILY RECKOGNIZABLE TO OTHER OFFENDERS IN VIOLENT PRISON GANGS WHO TARGETED THE PLAINTIFF FOR EXTORTION, ROBBERY AND ASSULTS.

4) THE PLAINTIFF WAS DENIED PLACEMENT IN PROTECTIVE CUSTODY (P.C.) AT THAT TIME.

5) PLAINTIFF REPORTED THAT IN THE FALL OF 2015, WHILE AT CDOC FACILITY STERLING HIS CASEMANAGERS (CM) DEFENDANTS BRIAN HOLMAN AND S. STURGEON PROMISE HIM PLACEMENT IN P.C. IF HE CO-OPERATED WITH AUTHORITIES INVESTIGATING THE JUNE 4TH, 2015 PRISON MURDER OF OFFENDER JOSHUA EDMONDS AT CDOC FACILITY LIMON, WHICH THE PLAINTIFF POSSESSED CRITICAL INFORMATION ABOUT.

6) PLAINTIFF REPORTED THAT HE AGREED TO CO-OPERATE WITH AUTHORITES, GAVE A RECORDED STATEMENT TO DETECTIVES INVESTIGATING THE MURDER OF OFFENDER EDMONDS AND ALSO AGREED TO TESTIFY AGAINST THE KILLER, CHAD WESLEY MERRILL, A KNOWN WHITE SUPREMEST AFFILIATED WITH VIOLENT PRISON GANG "211" FOR FIRST DEGREE MURDER, ( CASE# 2015CR75)

7) PLAINTIFF STATED HE HAD NO CHOICE BECAUSE IT WAS CLEAR THAT HE WOULDNT BE PLACED IN P.C. AND REASONABLY PROTECTED FROM VICTIMIZATION HE WAS EXPIRENCING FROM VIOLENT INMATES UNLESS HE CO-OPERATED WITH AUTHORITIES THOUGH HE ALSO FELT HE HAD TO LET EDMONDS FAMILY KNOW THE REAL REASON WHY HE WAS MURDERED BY OFFENDER MERRIL, (EDMONDS WAS BEING EXTORTED BY MERRILL FOR BEING "GAY" BUT EDMONDS REFUSED TO PAY MERRILL ANYTHING)

4 & ATTACHMENTS 12 PAGES

D. STATEMENT OF CLAIM(S)

8. PLAINTIFF REPORTED THAT HE "DID NOT" GET PLACED IN PROTECTIVE CUSTODY AND HAD RECENTLY BEEN DENIED P.C. IN AUGUST 2016 BECAUSE DEFENDANTS HOLMAN AND STURGEON FAILED TO DOCUMENT IN THE PLAINTIFFS PRISON FILE THAT HE HAD CO-OPERATED WITH AUTHORITIES IN AN ONGOING MURDER CASE THAT TOOK PLACE IN A CDOC FACILITY.

9. ALL FUTURE ATTEMPTS TO CONVINCE DEFENDANTS BRIAN HOLMAN AND S. STURGEON TO CORROBERATE THE PLAINTIFFS CLAIM OF BEING AN WITNESS FOR THE PROSECUTION OF THE FIRST DEGREE MURDER CASE (#2015 CR 75) AGAINST INMATE CHAD MERRILL WHETHER ER THROUGH WRITTEN REQUESTS BY PLAINTIFF, ATTEMPTED CONTACT BY PLAINTIFFS PUBLIC DEFENDERS DIANA BULL AND KELLY PAGE OR CONTACT BY PLAINTIFFS LOVED ONES; LINDA TAYLOR AND BEN LEE CORBY WHERE ALL REPEATEDLY IGNORED; LAST DATING IN OR ABOUT FEB 2017.

10. THE FAILURE OF DEFENDANTS BRIAN HOLMAN AND S. STURGEON TO DOCUMENT AND REPORT THAT THE PLAINTIFF WAS A WITNESS IN THE MURDER CASE, A SNITCH, A RAT, AND FAILURE TO TAKE REASONABLE STEPS TO ENSURE HIS SAFETY CONSTITUES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY AND CONTRIBUTED TO EXPOSING HIM TO ~~[redacted]~~ KNOWN SUBSTANTIAL RISKS OF SERIOUS HARM OR DEATH AT THE HANDS OF OTHER INMATES HOUSED IN A NOTORIOUSLY VIOLENT PRISON THEREBY SUBJECTED HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

11. THE PLAINTIFF REPORTED THAT A CDOC "KEEP SEPERATE" ORDER HAD BEEN PLACED ON OFFENDER CHAD MERRILL, WHICH IS A CDOC POLICY INTENDED TO PREVENT THE PLAINTIFF FROM BEING HOUSED AT THE SAME FACILITY AS OFFENDER MERRILL.

12. C.S.P. INTAKE OFFICERS AND MENTAL HEATH STAFF TOLD THE PLAINTIFF THAT C.S.P. INTELLIGENCE OFFICERS (INTEL) WERE WELL AWARE OF HIS SAFETY CONCERNS AND HAD ARRANGED "SPECIAL HOUSING" FOR HIM.

13. THE PLAINTIFF WAS THEN ORDERED TO HIS DESIGNATED HOUSING, UNIT A AT C.S.P, AND HE OBEYED FEARING PUNISHMENT FROM C.S.P. OFFICIALS AND OFFICERS FOR "DISOBEYING A DIRECT ORDER."

14. ON OR ABOUT OCTOBER 15, 2016 THE PLAINTIFF BECAME AWARE THAT HIS "SPECIAL" HOUSING ARRANGEMENTS DESIGNATED BY "CLASSIFICATION", DEFENDANTS INTEL OFFICER DANIEL DENT, WARDEN TRAVIS TRANI, ASSOCIATE WARDEN JOHN DOE AND CASE MANAGER III JOHN DOE, PLACED HIM IN THE SAME UNIT A WITH OFFENDER MERRILL.

* ATTACHMENT 1 OF 12

D. STATEMENT OF CLAIM(S)

15. PLAINTIFF WITNESSED OFFENDER MERRILL SEND COURT DOCUMENTS, USING OTHER INMATES TO SLIDE THEM BENEATH THE POD DOORS, TO OFFENDER CHRISTOPHER CLARK, WHO IS WELL KNOWN TO OFFENDERS AND CDOC OFFICIALS AND OFFICERS AS AN EXTREMELY VIOLENT INMATE WITH AN EXTENSIVE HISTORY OF BRUTAL ASSULTS.

16. OFFENDER MERRILL WAS USING THE COURT DOCUMENTS THAT SHOWED THE PLAINTIFF TO BE A SNITCH, WITNESS FOR THE PROSECUTION, TO RECRUIT OFFENDER CLARK AND OTHER OFFENDERS TO ATTACK THE PLAINTIFF IN RETALIATION FOR BEING A RAT.

17. PLAINTIFF IMMEDIATELY WENT TO HIS CELL PRESSED THE "EMERGENCY" BUTTON CONNECTED TO THE INTERCOM SYSTEM IN THE CELL AND REPORTED, TO A OFFICER ASSIGNED TO WORK IN UNIT A "CONTROL BOOTH", THAT HE WAS IN FEAR FOR HIS LIFE BECAUSE OF WHAT JUST HAPPENED.

18. THE CO (CORRECTIONAL OFFICER) HAD WITNESSED THE PASSING OF DOCUMENTS AND TOOK THE PLAINTIFF SERIOUS AND LOCKED HIM IN HIS CELL FOR HIS OWN SAFETY WHILE SHE REPORTED THE SITUATION TO SUPERIOR OFFICERS AND INTEL.

19. THE ENTIRE INCIDENT WAS DOCUMENTED AS THE PLAINTIFF BEING INVOLVED IN AN STG (SECURITY THREAT GROUP) OR GANG INCIDENT, WHICH IS MISLEADING SINCE THE PLAINTIFF ISNT A GANGMEMBER BUT WAS BEING TARGETED BY OTHER OFFENDERS IN VIOLENT GANGS; OFFENDER MERRILL WHITE SUPREMEST AND CHRISTOPHER CLARK NORTHSIDER.

20. THE PLAINTIFF REPORTED TO DEFENDANTS CASEMANAGER LESLIE BEELER, INTEL OFFICER DANIEL DENT AND INTEL OFFICER REED THAT HE WAS IN DANGER AND NEEDED TO BE PLACED IN PROTECTIVE CUSTODY.

21. DEFENDENTS BEELER, DENT AND REED DISMISSED THE PLAINTIFFS CLAIMS OF BEING IN DANGER AND REFUSED TO PLACE HIM IN SAFER HOUSING, WHICH FORCED HIM TO REMAIN IN HIS "SPECIAL" HOUSING ARRANGEMENT.

22. ON OR ABOUT NOVEMBER 17, 2016 THE PLAINTIFF WAS ATTACKED IN HIS CELL BY OFFENDER DANNY SAMSON, WHO WAS RECRUITED BY OFFENDER MERRILL, AND FORCED THE PLAINTIFF TO DEFEND HIMSELF.

* ATTACHMENT 26F12

D. STATEMENT OF CLAIM(S)

23. AT NO TIME DURING OR AFTER THE ATTACK ON THE PLAINTIFF DID OFFICERS EVEN NOTICE HE HAD BEEN ATTACKED.

24. THE PLAINTIFF REPORTED BEING ATTACKED IN HIS CELL SHORTLY THEREAFTER TO HIS PUBLIC DEFENDER KELLY PAGE AND LOVED ONES LINDA TAYLOR, SEN CORBY AND CHARLOTTE THOMAS AND THEY ATTEMPTED TO NOTIFY C.S.P. OFFICIALS THAT THE PLAINTIFF WAS IN DANGER.

25. DEFENDENTS SHIFT COMMANDER ~~RESTORD~~ LT. MCVAY, SHIFT COMMANDER LT. ROBERTS, ASSOCIATE WARDEN JOHN DOE, CASEMANAGER III JOHN DOE AND CASEMANAGER BEELER WERE ALL CONTACTED BY PLAINTIFFS LOVED ONES AND/OR PUBLIC DEFENDER, BUT NO REASONABLE RESPONSE WAS TAKEN TO ENSURE THE PLAINTIFFS SAFETY.

26. ON DECEMBER 3RD 2016, THE PLAINTIFF WAS AGAIN ATTACKED IN HIS CELL BY OFFENDER DANNY SAMSON, AGAIN NO CO'S TOOK NOTICE, AS IF TURNING A BLIND EYE.

27. PLAINTIFFS ATTEMPTS TO SEEK "ADMINISTRATIVE REMEDY" FOR BEING PLACED IN UNSAFE HOUSING CLASSIFICATION WERE UNDERMINED BY TWO CURRENT CDOC POLICES ENFORCED AND UPHELD BY DEFENDANT EXECUTIVE DIRECTOR RICH RAEMISCH.

28. TO ACQUIRE AN "FORMAL GRIEVENCE FORM" THE PLAINTIFF, AS PER CDOC POLICY, WAS FORCED TO SUBMIT A WRITTEN "REQUEST" TO CASEMANAGEMENT ASKING FOR A GRIEVENCE FORM AND ALSO "SPECIFICALLY STATING THE NATURE OF THE COMPLAINT" BEFORE HE COULD BE ISSUED A GRIEVENCE.

29. THIS FIRST CDOC POLICY RESTRICTED THE PLAINTIFFS ACCESS TO FORMAL GRIEVENCE FORMS AND ALLOWED DEFENDENTS CASEMANAGERS LESLIE BEELER, CARRIE RICOTTA R. NEFF AND CASEMANAGER III JOHN DOE TO PRE-SCREEN HIS COMPLAINT HE SOUGHT ADMINISTRATIVE REMEDY TO AND DENY HIM A FORMAL GRIEVENCE FORM ENTIRELY.

30. THE WRITTEN "REQUEST" THE PLAINTIFF SUBMITTED TO THE DEFENDENTS IN PARAGRAPH 29 TO ACQUIRE A FORMAL GRIEVENCE "IS NOT" A DUPLICATABLE / CARBON COPY FORM THAT WOULD EVEN ALLOW HIM TO HAVE A COPY OF SUCH REQUESTS.

* ATTACHMENT 3 OF 12

D. STATEMENT OF CLAIM(S)

31. THE SECOND CDOC POLICY AR (ADMINISTRATIVE REGULATION) 850-04 STATES THAT THE GRIEVENCE PROCEDURE, WHICH THE PLAINTIFF MUST USE TO SEEK ADMINISTRATIVE REMEDY, "MAY NOT BE USED TO SEEK REVIEW OF THE FOLLOWING: CLASSIFICATION (HOUSING DESIGNATION) IS ENTIRELY AT THE DISCRETION OF THE ADMINISTRATIVE HEAD AND CLASSIFICATION COMMITTEE OF EACH FACILITY."

32. THIS CDOC POLICY, ENFORCED BY DEFENDANT RAEMISCH, WAS USED BY DEFENDENTS IN PARAGRAPH 29 AND ALSO DEFENDENT INTEL OFFICER DANIEL DENT TO JUSTIFY NOT ISSUING THE PLAINTIFF FORMAL GRIEVENCE FORMS ON SEVERAL OCCASIONS.

33. THESE CDOC POLICIES ENFORCED BY DEFENDENT RAEMISCH AND UTILIZED BY DEFENDENTS CASEMANAGER III JOHN DOE, CM BEELER, CM RICOTTA, CM NEFF AND INTEL OFFICER DENT PREVENTED THE PLAINTIFF FROM BEING ABLE TO SEEK REMEDY FOR BEING PLACED IN "SPECIAL" HOUSING THAT ENDANGERED HIS SAFETY WHICH CONTRIBUTED TO EXPOSING HIM TO SERIOUS RISK OF HARM AT THE HANDS OF OTHER INMATES AND VIOLATING THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

34. AROUND LATE DECEMBER - EARLY JANUARY 2017 THE PLAINTIFF AND ALL THE OTHER OFFENDERS HOUSED WITH HIM WERE TRANSFERRED IN MASS TO UNIT E, POD5 AT C.S.P. AND PLAINTIFF OCCUPIED CELL #11.

35. ON OR ABOUT JANUARY 20TH 2017 THE PLAINTIFF WAS ATTACKED IN HIS CELL BY OFFENDER LAZARO AGUILAR, AT THE ORDER OF OFFENDER CLARK, BOTH ARE NORTHSIDE GANG MEMBERS, ON THE BEHALF OF OFFENDER MERRILL FOR BEING A SNITCH.

36. AS IT BECAME APPARENT THAT THE PLAINTIFFS REPORTS OF BEING IN DANGER WERE BEING IGNORED AND DISMISSED BY C.S.P. OFFICIALS WHO DO NOT HAVE DAILY INTERACTIONS WITH HIM, HE ATTEMPTED TO REQUEST HELP FROM OFFICERS WHO DID INTERACT WITH HIM DAILY AND EVEN WITNESSED THE THREATS HE ENCOUNTERED.

37. THE PLAINTIFF FIRST INFORMED DEFENDENTS SGT. TORIBIO, CO SABO, CO YOUNG, CO KENITZER AND CO JOHN PREDMORE THAT HE WAS IN DANGER ON 3-6-2016 WHEN THEY DISCOVERED A LETTER IN HIS CELL WHICH SPOKE OF THE PLAINTIFF BEING A WITNESS IN THE MURDER CASE AGAINST OFFENDER MERRILL

38. ON ALL FUTURE ATTEMPTS TO SEEK HELP FROM DEFENDENTS TORIBIO, SABO, YOUNG, KENITZER, AND PREDMORE THE PLAINTIFF WAS DISMISSED AND IGNORED UP TO OR ABOUT FEB 2017, ALL WELL AWARE OF THE THREAT HE FACED.

* ATTACHMENT 4 OF 12

D. STATEMENT OF CLAIM(S)

39. THE PLAINTIFF FIRST INFORMED DEFENDENTS SGT. TIMOTHY RODESCAPE, SGT. ERIC GILBERT, CO ANDREW CORTEZ, CO JASON GUMP AND CO ROBERT ROMERO THAT HIS LIFE WAS IN DANGER AND NEEDED PROTECTION BECAUSE HE WAS A STATE WITNESS, A SNITCH, IN THE MURDER CASE AGAINST OFFENDER MERRILL ON 8·31· 2016

40. THE PLAINTIFF REPEATEDLY REQUESTED DEFENDENTS RODESCAPE, GILBERT, CORTEZ, GUMP AND ROMERO TO HELP HIM BUT WAS TOLD THAT HIS ISSUES NEEDED TO BE RESOLVED BY SOMEONE IN A "HIGHIER PAY GRADE" AND OR WAS DISMISSED AND IGNORED Ψ UNTIL FEB. 2017.

41. ON FEB 10TH 2017 THE PLAINTIFF WAS BEING QUESTIONED BY C.S.P MENTAL HEALTH STAFF MS. STEVENS AND A PSYCHIATRIST, WHO IDENTITY IS UNKNOWN TO THE PLAINTIFF AT THIS TIME, ABOUT HIS REPORTS OF BEING ATTACKED BY OTHER OFFENDERS AND BEING IN FEAR FOR HIS LIFE.

42. THE PLAINTIFF REPORTED ALL HIS SAFETY ISSUES TO MS. STEVENS AND THE UNKNOWN PSYCHIATRIST, WHO BECAME CONCERNED AND REPORTED THE ISSUES TO MAJOR. JOHN DOE, AT C.S.P., VIA EMAIL.

43. HOURS LATER THE PLAINTIFF WAS ESCORTED TO SEGREGATION UNIT F AT C.S.P. FOR HIS OWN PROTECTION WHILE INTEL OFFICERS INVESTIGATE HIS CLAIMS.

44. ON OR ABOUT FEB 11, 2017 THE PLAINTIFF WAS MET BY INTEL OFFICER ABBOTT WHO ALLOWED HIM TO FILL OUT PROTECTIVE CUSTODY FORMS STATING ALL HIS SAFETY ISSUES.

45. INTEL OFFICER ABBOTT WAS SHOCKED TO DISCOVER THE PLAINTIFF HADN'T BEEN PLACED IN PROTECTIVE CUSTODY YEARS AGO AND PROMISE TO DO ALL IN HIS POWER TO HELP THE PLAINTIFF.

46. WHILE BEING HOUSED IN UNIT F SEGREGATION SEVERAL OTHER OFFENDERS RECKOGNIZED THE PLAINTIFF AND BLANTANTLY THREATENED TO HURT OR KILL HIM FOR BEING A RAT DIRECTLY INFRONT OF OFFICERS.

47. BETWEEN FEB 10-21, 2017 DEFENDENTS LT. MICHAEL SHERWOOD, SGT ARNOLD, SGT JAMES ALLENBACK, SGT WORTHEN, CO MARTINEZ, CO WHITE, CO WATZKA, CO JORDAN, CO KELLEY, CO ELLIS, CO BARNES, CO COWDEN, CO BUSCH, CO PARLETTE, CO STITT AND CO GONZALES ALL REPEATEDLY WITNESSED THE PLAINTIFF BEING CONSTANTLY HARASSED AND THREATENED AND DISMISSED IT ALL AS COMMON "SHIT TALKING" AND FAILED TO DOCUMENT OR REPORT THE HARASSMENT AND THREATS.

## D. STATEMENT OF CLAIMS

48. UPON SPEAKING TO SYMPATHETIC OFFICERS WHO DID NOT WANT TO BE NAMED DUE TO FEAR OF REPRISAL, THE PLAINTIFF LEARNED THAT SEVERAL C.S.P. OFFICIALS AND CORRECTIONAL OFFICERS WERE UPSET THAT COLORADO GOV. JOHN HICKENLOOPER WAS ATTEMPTING TO REFORM CDOCS LONG STANDING ISSUE OF OVER USAGE OF LONG TERM SOLITARY CONFINEMENT AT C.S.P.

49. GOV. HICKENLOOPERS REFORMS NOW ALLOWED OFFENDERS, WHO WERE PREVIOUSLY "CLASSIFIED" AS EXTREMELY DANGEROUS AND HELD IN NEAR PERMENENT SOLITARY CONFINEMENT AT C.S.P. TO COME OUT OF THEIR CELLS FOR UP TO 4 HOURS A DAY.

50. THE PLAINTIFF WAS TOLD SERIOUS CONCERNS AND PROTESTS WERE BEING VOICED BY C.S.P. OFFICIALS AND OFFICERS WHO CLAIMED SUCH "REFORMS" PUT THEIR LIVES IN DANGER BY ALLOWING DANGEROUS INMATES TO HAVE CONTACT WITH THEM.

51. THE PLAINTIFF WAS TOLD THAT SEVERAL C.S.P. OFFICIALS AND OFFICERS WERE INTENTIONALLY TURNING A "BLIND EYE" TO INMATES REPORTING SAFETY ISSUES AND TAKING NO PREVENTIVE MEASURES TO STOP ASSULTS BECAUSE THEY INTEND TO USE THE OVERWHELMING AMOUNT OF VIOLENCE AT C.S.P. AS JUSTIFICATION TO RETURN THE FACILITY BACK TO THE WAY IT WAS, AND PROOF THAT HICKENLOOPERS REFORMS WERE A FAILURE.

52. DURING THIS PERIOD OF TIME THE PLAINTIFF ECOUNTERED DEFENDANT SGT. CHASE, WHO ACTUALLY ENCOURAGED OFFENDERS THREATENING THE PLAINTIFF BY CLAIMING HE WAS A "SEX OFFENDER", WHICH IS UNTRUE AND SOMETHING DEFENDANT CHASE HAS DONE REPEATEDLY.

53. ON OR ABOUT FEB 17th 2017, THE PLAINTIFF MET WITH DEFENDANTS INTEL OFFICER BRANDEN HAGENS, INTEL OFFICER JANE DOE AND INTEL OFFICER JOHN DOE, WHO'S NAMES ARE UNKNOWN TO PLAINTIFF AT THIS TIME.

54. THE PLAINTIFF RE-REPORTED ALL HIS ISSUES TO DEFENDANTS HAGENS, INTEL JANE DOE AND INTEL JOHN DOE AND BEGGED FOR PLACEMENT IN P.C.

55. THE PLAINTIFF WAS TOLD THAT THE "PROTECTIVE CUSTODY HEARINGS COMMITTEE," WHO'S MEMBERS ARE ALL DEFENDANTS AND WHO'S IDENTITIES ARE UNKNOWN EXCEPT DEFENDANT INTEL OFFICER EVE LITTLE, DECLINED TO REVIEW HIS CASE BECAUSE THE PLAINTIFF NEEDED TO PROVIDE THEM WITH DOCUMENTED PROOF OF HIS ISSUES.

* ATTACHMENT 6 OF 12

D. STATEMENT OF CLAIM(S)

56. THE PLAINTIFF REQUESTED THAT DEFENDANTS HAGENS, DOE AND DOE CALL THE DA HANDLING THE MURDERCASE TO CONFIRM HIS CLAIMS, BUT WAS DENIED.

57. THE PLAINTIFF STATED THAT IF THE PUBLIC DEFENDERS OFFICE WON'T ALLOW INMATES IN CUSTODY TO HAVE THEIR OWN COURT DOCUMENTS/ DISCOVERIES HOW WAS HE TO OBTAIN THE DOCUMENTS FROM OFFENDER MERRILLS MURDERCASE THAT'LL PROVE HE'S A WITNESS.

58. DEFENDANT HAGENS SAID THAT WASN'T HIS ISSUE OR RESPONSIBILITY AND THAT IF THE PLAINTIFF EXHIBITED "GOOD BEHAVIOR" FOR A EXTENDED PERIOD THEY MAY CONSIDER P.C. AS AN OPTION FOR HIM.

59. THE PLAINTIFF PROTESTED THAT P.C. SHOULDN'T BE USED AS IF IT WAS SOME PROGRAM TO INCENTIVIZE "GOOD BEHAVIOR" AND THAT HE WAS GOING TO BE MURDERED SO HE WOULDN'T BE ABLE TO TESTIFY AT THE MURDER TRIAL WHICH WAS STILL PENDING BUT HE WAS DISMISSED.

60. ON FEB 21ST 2017 PLAINTIFF WAS ORDERED TO MOVE OUT OF UNIT F SEGREGATION BY DEFENDANT LT. MICHAEL SHERWOOD.

61. FEARING THE THREAT OF BEING ~~FORCE~~ FORCIBLY MOVED AND THE USAGE OF OC GAS (TEARGAS) TO FORCE HIM TO COMPLY THE PLAINTIFF OBEYED THE ORDER.

62. THE PLAINTIFF WAS ESCORTED BACK TO UNIT E, POD5 AND PLACED IN CELL #11, WHICH HE HAD PREVIOUSLY OCCUPIED PRIOR TO BEING TAKEN TO SEGREGATION SO HIS CLAIMS OF BEING IN DANGER COULD BE INVESTIGATED.

63. ON FEB 22ND 2017 AT APPROX 6PM DEFENDANT CO FINNIGAN WAS STATIONED IN THE UNIT E CONTROL BOOTH AND ASK VIA INTERCOM IN CELL #11 IF THE PLAINTIFF WANTED TO COME OUT OF HIS CELL.

64. THE PLAINTIFF SAID NO AND THAT HE FEARED BEING ASSULTED BY OTHER OFFENDERS WHO HE HAD JUST REPORTED TO HAVE ATTACKED HIM PREVIOUSLY.

65. MOMENTS LATER THE DEFENDANT CO FINNIGAN ACTIVATED THE PLAINTIFFS CELL DOOR TO OPEN.

66. IMMEDIATELY OFFENDER DANNY SAMSON ATTACKED THE PLAINTIFF TO TRAP HIM IN HIS CELL AND ALLOW OFFENDERS JARAY TRUJILLO AND CHRISTOPHER CLARK TO ENTER THE CELL.

* ATTACHMENT 7 OF 12

D. STATEMENT OF CLAIM(S)

67. OFFENDER JARAY TRUJILLO, ARMED WITH A SOAP-AND-A-SOCK WEAPON BEGAN TO BRUTALLY BEAT THE PLAINTIFF WHILE OFFENDER CHRISTOPHER CLARK, ARMED WITH A HOMEMADE KNIFE, SHANK APPROX 7 INCHES LONG, SAVAGELY STABBED THE PLAINTIFF.

68. DEFENDANT CO FINNIGAN ALERTED "ALL AVAILABLE OFFICERS" TO RESPOND TO A POSSIBLE ASSULT IN UNIT E POD 5.

69. APPROX 15-20 DEFENDANT OFFICERS RESPONDED, GATHERING AT THE UNIT E POD5 DOOR, UNKNOWN TO THE PLAINTIFF AT THIS TIME

70. THESE 15-20 DEFENDANTS WERE WELL ARMED WITH SEVERAL SHOTGUNS, NON-LETHAL STUN GRENADES, TEARGAS AND TAZORS HOWEVER AT NO TIME DID THEY ENGAGE THE OFFENDERS ATTACKING THE PLAINTIFF OR USE THEIR WEAPONS TO INTERVENE IN THE ON GOING MURDER ATTEMPT.

71. THESE DEFENDANTS STOOD AND WATCHED WHILE THE PLAINTIFF WAS BEING ASSULTED.

72. AFTER SEVERAL MINUTES OF BEING ALLOWED TO BEAT AND STAB THE PLAINTIFF UNINTERRUPTED, OFFENDERS TRUJILLO AND CLARK EXITED THE CELL IN A CELEBRATORY FASHION AND WAS GIVEN TIME TO DISPOSE THEIR WEAPONS DOWN THE TOILETS IN THEIR CELLS.

73. ONCE THE MURDER ATTEMPT ON THE PLAINTIFF ENDED ON ITS OWN ACCORD THE 15-20 DEFENDANT OFFICERS FINALLY ENTERED THE PODS WITH THEIR WEAPONS.

74. THE PLAINTIFF WAS SWARMED BY OFFICERS, FORCED TO THE GROUND WITH A SHOTGUN IN HIS FACE AND DESPITE THE FACT THAT HE WAS BLEEDING PROFOSELY HE WAS HANDCUFFED BEHIND HIS BACK.

75. PLAINTIFF WAS CHOKING ON HIS OWN BOOD AND COULDN'T BREATH BUT WAS ALLOWED TO STAND AND ATTEMPTED TO WALK TO "MEDICAL" SINCE THEY HAD NOT RESPONDED, AND COLLASPED SHORTLY AFTER EXITING THE UNIT.

76. MEDICAL STAFF ARRIVED WITH A GURNEY THE PLAINTIFF WAS PLACED UPON AND TAKEN TO MEDICAL.

77. MEDICAL STAFF CUT OF THE PLAINTIFFS SHIRT TO EXAMINE HIS EXTENSIVE INJURIES AND DISCOVERED HE HAD ONE STAB WOUND TO THE FACE, ONE TO THE NECK, ONE TO THE CHEST, 7 TO THE RIGHT ARM/SHOULDER AND 33 TO THE TORSO AND BACK.

* ATTACHMENT 8 OF 12

D. STATEMENT OF CLAIM(S)

78. THE PLAINTIFF WAS IN CRITICAL CONDITION, PLACED ON OXYGEN WHILE SEVERAL OFFICERS HELD TOWELS TO HIS 43 TOTAL STAB WOUNDS IN AN ATTEMPT TO STOP THE BLEEDING, AS THEY WAITED FOR AN AMBULANCE.

79. THE AMBULANCE ARRIVED BUT WAS FORCED TO WAIT TO TAKE THE PLAINTIFF, WHO WAS CLEARLY DIEING, TO THE HOSPITAL BECAUSE HE WAS PLACE IN LEG SHACKLES WITH HIS WRISTS CUFFED TO A CHAIN LOCKED AROUND HIS WAIST AND FORCED TO "STRIP NAKED" AND SUBMIT TO A STRIP SEARCH.

80. AS THE PLAINTIFF STRUGGLED TO UNDRESS WHILE IN "UNIVERSAL RESTRAINTS" AND DIEING, SEVERAL OFFICERS, MALE AND FEMALE CAME TO THE EXAMINATION ROOM SOLELY TO "CHECK OUT" THE PLAINTIFFS SERIOUS INJURIES.

81. AFTER BEING MADE A SPECTACLE AND THOROUGHLY HUMILIATED AND DEGRADED WITH AN UNNESSASSARY "STRIP SEARCH" THE PLAINTIFF WAS TAKEN TO HOSPITAL IN CANON CITY, COLORADO VIA AMBULENCE.

82. THE PLAINTIFF RECIEVED IMMEDIATE EMERGENCY SURGERY TO INSERT A "CHEST TUBE" TO DRAIN THE BLOOD THAT WAS FILLING HIS CHEST CAVITY, FROM INTERNAL BLEEDING DUE TO STAB WOUNDS, AND PREVENTING HIS LUNG FROM BEING ABLE TO INFLATE

83. THEN THE PLAINTIFF WAS TAKEN VIA HELICOPTER (FLIGHT-FOR-LIFE) TO ST. ANTHONYS HOSPITAL IN LAKEWOOD, COLORADO FOR LONG TERM EMERGENCY TREATMENT.

84. APPROX 4-5 DAYS LATER THE PLAINTIFF WAS TOLD BY THE DOCTOR THAT THEY RECOMMENDED HE REMAIN AT ST. ANTHONYS FOR UP TO A WEEK LONGER FOR OBSERVATION DUE TO HIS EXTENSIVE AND LIFE THREATENING INJURIES BUT CDOC INFORMED THEM THAT THE INFIRMARY UNIT AT THEIR DRDC (DENVER RECEPTION AND DIAGNOSTIC CENTER) WAS EQUIPPED TO TREAT AND OBSERVE THE PLAINTIFF.

85. THE PLAINTIFF WAS TAKEN TO D.R.D.C. AND PLACED IN A SOLITARY CELL IN THE INFIRMARY UNIT.

86. AT NO TIME DID THE PLAINTIFF RECIEVE MEDICAL TREATMENT BEYOND A FEW DAYS OF PAIN PILLS AND A CHEST X-RAY A WEEK OR SO LATER.

87. THE PLAINTIFF WAS HANDCUFFED BEHIND HIS BACK AND FORCED TO LAY ON THE BED BEFORE A NURSE WOULD ATTEMPT TO CLEAN HIS 43 STAB WOUNDS. OF WHICH THEY COULD ONLY REACH 10, 7 ON HIS ARM, ONE ON FACE, NECK AND CHEST.

88. THE PLAINTIFF WAS GIVEN "IODINE SWABS" TO ATTEMPT TO CLEAN THE 33 WOUNDS ON HIS OWN.

*ATTACHMENT 9 OF 12

D. STATEMENT OF CLAIM(S)

89. THE PLAINTIFF WAS ALSO FORCED TO LAY UPON SHEETS THAT WERE COVERED IN BLOOD WHICH CAME FROM HIM SEVERAL STAB WOUND THAT STUCK TO THEM THEN WERE RIPPED OPEN WHEN HE MOVED OR GOT UP.

90) ONCE THE PLAINTIFF WAS ALLOWED TO USE THE PHONE HE DISCOVERED THAT HIS LOVED ONES ON HIS "EMERGENCY CONTACT" LIST HAD NOT BEEN NOTIFIED BY CDOC OFFICIALS AT C.S.P THAT HE HAD BEEN BRUTALLY STABBED AND ALMOST KILLED.

91) THE PLAINTIFF HAS RECIEVED VERY LIMITED AMOUNTS OF MENTAL HEALTH COUNSELING SINCE THE MURDER ATTEMPT ON HIM AND AT NO TIME RECIEVED ANY FORM OF PHYSICAL THERAPY OR SURGERY TO REHABILITATE AND CORRECT DAMAGE TO HIS BODY THAT THE STABBING CAUSED.

92) THE PLAINTIFF SUFFERS FROM PARANOIA, P.T.S.D AND "NIGHT TERROR" INCIDENTS WHERE HE'S FORCED TO RELIVE THE MURDER ATTEMPT ON HIS LIFE.

93) THE PLAINTIFF SUFFERS FROM CHRONIC AND SERIOUS MIGRAINES, LIGHT SENSITIVITY TO HIS EYES AND PERMENANT HEARING LOSS AS A RESULT OF BEING BEATEN REPEATEDLY IN THE HEAD WITH THE SOAP-AND-A-SOCK WEAPON.

94) THE PLAINTIFF SUFFERS FROM LIMITED RANGE OF MOTION AND WEAKNESS IN HIS RIGHT, DOMINATE, SHOULDER AND ARM WHICH POPS AND GRINDS PAINFULL WHEN MOVED DUE TO CARTILLAGE, ROTATOR CUFF DAMAGE SUSTAINED FROM THE MURDER ATTEMPT.

95) THE PLAINTIFF SUFFERS FROM SERIOUS AND CHRONIC BACK, NECK AND SPINAL PAIN THAT BECOMES DEBILITATING, DECREASES HIS MOBILITY AND PREVENTS HIM FROM SLEEPING WELL AND FROM SITTING FOR PERIODS LONGER THAN 20 minutes DUE TO SCIATIC NERVE ISSUES SUSTAINED FROM BEING STABBED 43 TIMES.

96) THE PLAINTIFF HAS PERMENANT NERVE DAMAGE TO HIS RIGHT SHOULDER, CHEST AND TORSO THAT IS NUMB TO TOUCH OR HYPERSENSITIVE AND HURTS PAINFULLY SUSTAINED FROM THE MURDER ATTEMPT.

97) THE PLAINTIFFS BODY IS COVERED WITH DOZENS OF SCARS FROM THE MURDER ATTEMPT AND SURGERY REQUIRED TO SAVE HIS LIFE THAT WAS NOT THERE BEFORE THE MURDER ATTEMPT.

98) THE PLAINTIFF ALSO SUFFERS FROM "FINANCIAL INJURY" RESULTING FROM THE MURDER ATTEMPT BECAUSE HE WAS CHARGED $27,877.63 IN MEDICAL BILLS THAT HE IS UNABLE TO PAY DUE TO BEING INCARSERATED AND INDIGENT.

99) THE FAILURE OF DEFENDANTS SGT. TORIBIO, SGT. TIMOTHY RODESCAPE, SGT. ERIC GILBERT, SGT. ARNOLD, SGT. JAMES ALLENBACK, SGT WORTHEN, CO SABO, CO YOUNG, CO KENITZER, CO JOHN PREDMORE, CO ANDREW CORTEZ, CO JASON GUMP, CO ROBERT ROMERO, CO MARTINEZ, CO WHITE, CO WATZKA, CO JORDAN, CO KELLEY, CO ELLIS, CO BARNES, CO COWDEN, CO BUSCH, CO PARLETTE, CO STITT AND CO GONZALES TO DOCUMENT,

* ATTACHMENT 10 OF 12

## D. STATEMENT OF CLAIM(S)

REPORT AND REASONABLY RESPOND TO OTHER OFFENDERS MAKING DEATH THREATS TO THE PLAINTIFF IN THEIR PRESENCE CONSTITUES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY AND CONTRIBUTED TO EXPOSING HIM TO KNOWN SUBSTAINTAL RISK OF SERIOUS HARM AT THE HAND OF OTHER INMATES, WHICH RESULTED IN THE PLAINTIFF RECIEVING LIFE THREATENING INJURIES THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE ~~EIGTH~~ EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

100) THE FAILURE OF DEFENDANTS LT. MCVAY, LT. ROBERTS AND LT. MICHAEL SHERWOOD TO TAKE REASONABLE MEASURES TO ESURE THE PLAINTIFFS SAFETY AFTER BEING WARNED THAT HE WAS IN DANGER BY THE PLAINTIFF, HIS LOVED ONES AND HIS PUBLIC DEFENDERS CONSTITUTES DELIBERATE INDIFFERENCE TO HIS SAFETY AND EXPOSED HIM TO THE KNOWN EXTREME RISK OF SERIOUS HARM AT THE HAND OF OTHER OFFENDERS WHICH RESULTED IN THE PLAINTIFF RECIEVING LIFE THREATENING INJURIES THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

101) THE FAILURE OF DEFENDANT SGT. CHASE TO DUE HIS DUTY OF PROTECTING THE PLAINTIFF BUT INSTEAD MALICIOUSLY AND SADISTICALLY ENCOURAGED OTHER OFFENDERS TO ATTACK HIM BY FALSELY CLAIMING HE WAS A "SEX OFFENDER" CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY AND CONTRIBUTED TO EXPOSING HIM TO KNOWN RISK OF EXTREME HARM AT THE HANDS OF OTHER OFFENDERS WHICH RESULTED IN THE PLAINTIFF RECIEVING LIFE THREATENING INJURIES THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

102) THE FAILURE OF DEFENDANTS WARDEN TRAVIS TRANI AND ASSOCIATE WARDEN JOHN DOE TO TAKE REASONABLE MEASURES TO ENSURE THE PLAINTIFFS SAFETY AND ~~APPROVING~~ APPROVING HIS PLACEMENT IN "SPECIAL" HOUSING ARRANGEMENTS THAT PLACED HIM IN THE SAME UNIT AS OFFENDER CHAD MERRILL, THE SAME INMATE HE, HIS LOVED ONES AND HIS PUBLIC DEFENDER HAD REPORTED POSED A SERIOUS RISK TO THE PLAINTIFFS, BECAUSE HE WAS A WITNESS FOR THE PROSECUTION IN THE MURDER CASE AGAINST INMATE MERRILL, CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY WHICH EXPOSED HIM TO KNOWN SUBSTAINTAL RISK OF SERIOUS HARM AT THE HAND OF OTHER INMATES WHICH RESULTED IN THE PLAINTIFF RECIEVING LIFE THREATENING INJURIES THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

103) THE FAILURE OF DEFENDANTS CASEMANAGER (CM) LESLIE BEELER, CM CARRIE RYCOTTA, CM R. NEFF AND CM III JOHN DOE TO RESPOND REASONABLY AFTER BEING REPEATEDLY WARNED THAT THE PLAINTIFF WAS IN IMMINATE DANGER BY THE PLAINTIFF, HIS LOVED ONES AND PUBLIC DEFENDERS CONSTITUES DELIBERATE INDIFFERENCE TO HIS SAFETY AND EXPOSED HIM TO THE SUBSTAINTAL RISK OF SERIOUS HARM AT THE HAND OF OTHER OFFENDERS WHICH RESULTED IN HIM RECIEVING

D. STATEMENT OF CLAIM(S)

LIFE THREATENING INJURIES THEREBY SUBJECTING THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

104) THE FAILURE OF DEFENDANTS INTEL OFFICER DANIEL DENT, INTEL OFFICER REED, INTEL OFFICER BRANDEN HAGENS, INTEL OFFICER EUE LITTLE, INTEL OFFICER JOHN DOE AND INTEL OFFICER JANE DOE AND MEMBERS OF THE P.C. HEARINGS COMMITTEE, WHOS IDENTIES ARE UNKNOWN TO THE PLAINTIFF AT THIS TIME, TO INVESTIGATE THE PLAINTIFFS SAFETY ISSUE ADEQUATELY, TAKE HIS REPORTS OF BEING IN DANGER SERIOUS AND TO TAKE REASONABLE MEASURES TO ENSURE THE PLAINTIFFS SAFETY CONSTITUTES DELIBERATE INDIFFERENCE TO HIS SAFETY WHICH EXPOSED HIM TO KNOWN SUBSTAINTIAL RISK OF SERIOUS HARM AT THE HAND OF OTHER INMATES WHICH RESULTED IN HIM RECIEVING LIFE THREATENING INJURIES THEREBY SUBJECTING THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

105) THE FAILURE OF DEFENDANT CO FINNIGAN TO RESPOND REASONABLY WHEN THE PLAINTIFF TOLD HIM THAT HE "DID NOT" WANT HIS CELL DOOR OPENED BECAUSE HE FEARED ATTACK BY OTHER INMATE CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY WHICH RESULTED IN HIM BEING ASSULTED RECIEVING LIFE THREATENING INJURIES WHEN HE OPENED THE PLAINTIFFS CELL DOOR THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

106) THE FAILURE OF THE APPOX 15 UNKNOWN DEFENDANT OFFICERS WHO WATCHED THE MURDER ATTEMPT ON THE PLAINTIFF TO TAKE REASONABLE ACTION TO INTERVENE IN THE MURDER ATTEMPT WHEN THEY WERE WELL ARMED AND OUTNUMBERED THE ATTACKERS 5 TO 1 CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY AND RESULTED IN HIM RECIEVING LIFE THREATENING INJURIES THEREBY SUBJECTING THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

### E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                         NONE

Docket number and court:                         NONE

Claims raised:                                   NONE

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)    NONE

Reasons for dismissal, if dismissed:            NONE

Result on appeal, if appealed:                   NONE


### F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

         _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

         _X_ Yes ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

A. ISSUE A DECLARATORY JUDGEMENT STATING:

1. THE FAILURE OF DEFENDANTS CASE MANAGERS BRIAN HOLMAN AND S. STURGEON TO PROPERLY REPORT AND DOCUMENT THE PLAINTIFF BEING A INFORMANT CONTRIBUTED TO EXPOSING HIM TO SUBSTANTIAL RISK OF SERIOUS HARM AND VIOLATED HIS EIGHTH AMENDMENT RIGHTS

2. THE FAILURE OF DEFENDANTS EXECUTIVE DIRECTOR RICH RAEMISCH, CMII JOHN DOE, CMR. NEFF, CM LESLIE BECLER, AM CARRIE RICOTTA AND INTEL OFFICER TO ALLOW THE PLAINTIFF ACCESS TO GRIEVANCE FORMS PREVENTED HIM FROM SEEK REDRESS FOR BEING IN UNSAFE HOUSING CONSTITUTES DELIBERATE INDIFFERENCE TO HIS SAFETY AND FORCED HIM TO REMAIN IN HOUSING THAT EXPOSED HIM TO THE RISK OF SERIOUS HARM THEREBY SUBJECTING THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS.

3. THE FAILURE OF DEFENDANTS SGT TORIBIO, SGT TIMOTHY BLOESCAPE, SGT ERIC GILBERT, SGT ARNOLD, SGT JAMES ALLENBACK, SGT WORTHEN, CO SABO, CO YOUNG, CO KENITZER, CO JOHN PREDMORE, CO ANDREW CORTEZ, CO JASON GUMP, CO ROBERT ROMERO, CO MARTINEZ, CO WHITE, CO WATZKA, CO JORDAN, CO KELLEY, CO ELLIS, CO BARNES, CO COWDEN, CO BUSCH, CO PAOLETTE, CO STITT AND CO GONZALES TO PROPERLY DOCUMENT AND REPORT DEATH  * ADDITIONAL PAPERS ATTACHED 3 PAGES

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*John Crosby*
(Plaintiff's signature)

11/16/2018
(Date)

(Form Revised December 2017)

6

G. REQUEST FOR RELIEF

THREATS THAT THEY WITNESSED CONSTITUES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY WHICH EXPOSED HIM TO SUBSTANTIAL RISK OF SERIOUS HARM THEREBY VIOLATING HIS EIGHTH AMENDMENT RIGHTS.

4. THE FAILURE OF DEFENDANTS LT. MCVAY, LT. ROBERTS AND LT MICHAEL SHERWOOD TO ENSURE THE SAFETY OF THE PLAINTIFF AFTER BEING REPEATEDLY WARNED OF THE RISK OF SERIOUS HARM HE WAS EXPOSED TO CONSTITUTES DELIBERATE INDIFFERENCE WHICH SUBJECTED HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT RIGHTS OF THE PLAINTIFF.

5. SGT CHASE'S MALICIOUS AND SADISTIC CLAIMS THAT THE PLAINTIFF WAS A SEX OFFENDER ENCOURAGED OFFENDERS TO ATTACK HIM, WAS DELIBERATELY INDIFFERENT AND EXPOSED THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT VIOLATING HIS EIGHTH AMENDMENT RIGHTS.

6. THE FAILURE OF DEFENDANTS WARDEN TRAVIS TRANI AND ASSOCIATE WARDEN JOHN DOE TO ENSURE THE PLAINTIFFS SAFETY AFTER BEING REPEATEDLY WARNED OF THE RISK OF SERIOUS HARM HE WAS EXPOSED TO CONSTITUTES DELIBERATE INDIFFERENCE THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT VIOLATING HIS EIGHTH AMENDMENT RIGHTS.

7. THE FAILURE OF DEFENDANTS CM III JOHN DOE, CM LESLIE BEELER, CM CARRIE RICOTTA, CM R. NEFF TO ENSURE THE PLAINTIFFS SAFETY AFTER BEING REPEATEDLY WARNED TO THE RISK OF SERIOUS HARM HE WAS EXPOSED TO CONSTITUTES DELIBERATE INDIFFERENCE THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT VIOLATING THE PLAINTIFFS EIGHTH AMENDMENT RIGHTS.

8. THE FAILURE OF DEFENDANTS INTEL OFFICERS DANIEL PENT, BRANDEN HAGENS, REED, EVE LITTLE, INTEL OFFICER JOHN DOE AND INTEL OFFICER JANE DOE AND PROTECTIVE CUSTODY HEARINGS COMMITTEE TO ADEQUATELY INVESTIGATE THE PLAINTIFFS SAFETY CONCERNS AND ENSURE HIS SAFETY CONSTITUTES DELIBERATE INDIFFERENCE WHICH EXPOSED HIM TO CRUEL AND UNUSUAL PUNISHMENT VIOLATING THE PLAINTIFFS EIGHTH AMENDMENT RIGHTS

9. THE FAILURE OF DEFENDANT CO FINNIGAN TO RESPOND REASONABLY TO THE PLAINTIFF NOT WANTING HIS DOOR OPENED CONSTITUTES DELIBERATE INDIFFERENCE TO HIS SAFETY THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT VIOLATING HIS EIGHTH AMENDMENT RIGHTS.

10. THE FAILURE OF THE APPROX 15 UNKNOWN DEFENDANT OFFICERS TO RESPOND REASONABLY TO THE MURDER ATTEMPT ON THE PLAINTIFF CONSTITUTES DELIBERATE INDIFFERENCE THEREBY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS.

B. ISSUE AN INJUNCTION ORDERING DEFENDANTS RAEMISCH, TRANI AND LITTLE!
  1. TO PLACE THE PLAINTIFF IN PROTECTIVE CUSTODY UNTIL HE COMPLETES HIS ENTIRE SENTENCE IN CDOC TO ENSURE HIS SAFETY.

*ATTACHMENT 1 OF 3

G. REQUEST FOR RELIEF:

C. ISSUE AN INJUNCTION ORDERING DEFENDANT RAEMISCH OR HIS AGENTS TO
1. GRANT ALL OFFENDERS IN CDOC OPEN ACCESS TO FORMAL GRIEVANCE FORMS WITHOUT THE REQUIREMENT OF SUBMITTING A WRITTEN REQUEST THAT STATES WHY THE OFFENDERS REQUIRE A GRIEVANCE.

2. CHANGE CDOC POLICY PROHIBITING HOUSING / CLASSIFICATION OF CDOC OFFENDERS TO BE CHALLENGED BY GRIEVANCE PROCEDURE.

D. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1. $135,000 JOINTLY AND SEVERALLY AGAINST DEFENDENTS TORIBIO, RODESCAPE, GILBERT, ARNOLD, ALLENBACK, WORTHEN, SABO, YOUNG, KENITZER, PREDMORE, CORTEZ, GUMP, ROMERO, MARTINEZ, WHITE, WATZKA, JORDAN, KELLEY, ELLIS, BARNES, COWDEN, BUSCH, PARLETTE, STITT AND GONZALES FOR THE PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF THEIR DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY.

2. $30,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS MCVAY, ROBERTS AND SHERWOOD FOR PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF THEIR DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY.

3. $20,000 AGAINST DEFENDANT CHASE FOR PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF HIS INDIFFERENCE TO THE PLAINTIFFS SAFETY

4. $40,000 AGAINST DEFENDANTS TRANI AND ASSOCIATE WARDEN JOHN DOE FOR PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF THEIR DELIBERATE INDIFFERENCE TO PLAINTIFFS SAFETY, JOINTLY AND SEVERALLY.

5. $80,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS CM II JOHN DOE, BEELER, NEFF, REUTHER FOR PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF THEIR DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY.

6. $300,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS DENT, REED, HAGENS, LITTLE, INTEL OFFICER JOHN DOE, INTEL OFFICER JANE DOE AND UNKNOWN MEMBERS OF THE PROTECTIVE CUSTODY HEARINGS COMMITTEE FOR PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF THEIR DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY.

7. $10,000 AGAINST DEFENDANT FINNIGAN FOR PHYSICAL, EMOTIONAL AND FINANCIAL INJURIES SUSTAINED AS A RESULT OF HIS DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SAFETY.

E. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

1. $5000 EACH AGAINST DEFENDANTS TORIBIO, RODESCADE, GILBERT, ARNOLD, ALLENBACK, WORTHEN, SABO, YOUNG, KENITZER, PREDMORE, CORTEZ, GUMP,

* ATTACHMENT 2 OF 3

G. REQUEST FOR RELIEF:

    ROMERO, MARTINEZ, WHITE, WATZKA, JORDAN, KELLEY, ELLIS, BARNES, COWDEN, BUSCH, PARLETTE, STITT AND GONZALES.

2. $10,000 EACH AGAINST DEFENDANTS McVAY, ROBERTS AND SHERWOOD.

3. $20,000 AGAINST DEFENDANT CHASE.

4. $20,000 EACH AGAINST DEFENDANTS CM III DOE, BEELER, NEFF AND RICOTTA.

5. $20,000 EACH AGAINST DEFENDANTS TRANI AND ASSOCIATE WARDEN DOE AND RAEMISCH

6. $20,000 EACH AGAINST DEFENDANTS DENT, REED, HAGENS, LITTLE, INTEL OFFICER JOHN DOE, INTEL OFFICER JANE DOE AND UNKNOWN MEMBERS OF P.C. HEARINGS COMMITTEE.

7. $10,000 AGAINST DEFENDANTS FINNIGAN, HOLMAN AND STURGEON.

F. GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.

*ATTACHMENT 3 OF 3

Complaint: 26 pages.