IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-03025-KLM

JOHN STANDLEY SNORSKY,

    Plaintiff,

v.

RICH RAEMISCH, ET. AL.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for TRO and Preliminary Injunction to End Retaliatory Practices and Interference for Accessing the Courts** [#72][1] (the "Motion").[2] Defendants filed a Response [#82] in opposition to the Motion [#72], and Plaintiff filed a Reply [#88]. The Court has reviewed the Motion [#72], the Response [#82], the Reply [#88], the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#72] is **denied.**

**I. Background**

In the present Motion [#72], Plaintiff, who is proceeding pro se,[3] seeks a preliminary

---

[1] "[#72]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This is the first of several motions seeking injunctive relief by Plaintiff, and the later filed motions [#101, #103, #104] will be addressed separately.

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*,

injunction or temporary restraining order ordering

> the defendants and their agents employed by [Colorado Department of Corrections] to cease and desist: the use of inmate-on-inmate assault as a retaliatory tactic; the use of false disciplinary charges as a retaliatory tactic, withholding/forcing changes to offender grievances; tampering [with and] opening legal mail without [the] offender present and withholding legal mail from offenders; refusing offenders access to photocopy court documents; and any behavior or misconduct that would assist another to do any of these things.

*Motion* [#72] at 2; *see also Reply* [#88] at 4.  Plaintiff further seeks an order requiring offender Armando Diaz ("Diaz"), whom Plaintiff claims recently assaulted him, to be transferred to a different facility "and not housed with Plaintiff."  *Motion* [#72] at 2.

It is unclear exactly which Defendants Plaintiff seeks relief from, as he did not reference any of the then-named Defendants in his Motion [#72].  Instead, Plaintiff named persons who were not parties to the suit.  *See Response* [#82] at 1-2.[4]  Since the filing of the Motion [#72], Plaintiff filed an Amended Complaint [#74] that adds as Defendants the named persons referenced in the Motion [#72].

## II.  Standard of Review

---

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4]  Thus, Plaintiff claims previously-unnamed members of the "PC Review Board Committee" – identified as Case Managers Christensen, Denwalt, Skruggs, and Rodriguez, and PC Unit Supervisors Elisabeth Wood and Ernest Montanez – subjected him to retaliation and interfered with his ability to access the courts.  Plaintiff also references actions by a law librarian, and notes that "defendants" (none of whom are specifically named) and officers at Buena Vista Correctional Facility have refused to correct misconduct or improve conditions and punish inmates who pursue grievances.

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders ("TRO") respectively. The Court applies the same standard of review to both. *Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018). "A preliminary injunction is an extraordinary remedy" and "should be granted only in cases where the necessity for it is clearly established." *U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989) (citing *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) and *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964)). A party seeking injunctive relief must clearly establish four factors: (1) that he will suffer irreparable injury if the injunction is not granted; (2) that he is substantially likely to succeed on the merits; (3) that the damage of the threatened injury outweighs the damage the injunctive relief would cause the non-moving party; and (4) that the injunction would be in the public interest. *Id.* at 889.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). This requires the injury to be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *See id.* (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)). In addition to being imminent and certain, an irreparable injury is "more than 'merely serious or substantial' harm." *Stallings v. Ritter*,

No. 08-CV-00033-EWN-KLM, 2008 WL 11440559, at *2 (D. Colo. Apr. 22, 2008) (quoting *Heideman*, 348 F.3d at 1189).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). As such, the Tenth Circuit recognizes "three types of specifically disfavored preliminary injunctions."[5] These types of preliminary injunctions are "more closely scrutinized" by the Court "to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (citing *SCFC ILC*, 936 F.2d at 1098-99). Mandatory preliminary injunctions are one of the three disfavored types. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). A mandatory preliminary injunction seeks relief that "affirmatively require[s] the nonmovant to act in a particular way, and as a result . . . places[s] the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *Id.* at 1261 (alteration in original) (quoting *O Centro*, 389 F.3d at 979).

### III.  Analysis

The Court first finds that the Plaintiff seeks a mandatory preliminary injunction, one of the disfavored types of preliminary injunctions. Plaintiff's cease and desist requests plainly seek to make Defendants "act in a particular way." *Schrier*, 427 F.3d at 1261 (quoting *O Centro*, 389 F.3d at 979). Ordering the injunction would require the Court to

---

[5] The three types of specifically disfavored preliminary injunctions are: (1) preliminary injunctions that alter the status quo, (2) mandatory preliminary injunctions, and (3) preliminary injunctions that afford the movant all the relief he could recover if he was successful in a full trial on the merits. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991))

"provide ongoing supervision" of numerous Colorado Department of Corrections ("CDOC") employees' daily conduct. *Id.* Plaintiff's request that inmate Diaz be moved to a new facility would similarly affirmatively require Defendants to take a certain action and the Court to provide supervision. *Id.* Because Plaintiff seeks a specifically disfavored type of preliminary injunction, it "must be more closely scrutinized." *O Centro*, 389 F.3d at 975. Plaintiff alleges that he satisfied each of the four factors. The Court finds that Plaintiff's Motion [#72] must be denied because it is moot and because Plaintiff did not establish irreparable injury.

Plaintiff's Motion [#72] does not allege irreparable injury in connection with his request for injunctive relief related to access to the courts or any relief requested other than to have inmate Diaz transferred out of Buena Vista Correctional Facility ("BVCF") and not housed with Plaintiff. Diaz is mentioned in the Motion [#72] in the context of Plaintiff's retaliation claim. Plaintiff argues that he is at risk of irreparable harm due to Defendants' failure to bring disciplinary charges against Diaz after he allegedly attacked Plaintiff on February 10, 2021, as well as their decision to house Diaz near Plaintiff. *Motion* [#72] at 3. Plaintiff claims that Defendants' "conduct is beyond reckless and clearly malicious with the intent to cause more physical, emotional and psychological harm to the plaintiff." *Id.* Plaintiff further asserts that, due to the lack of disciplinary charges, "Diaz knows he will not face punishment if he assaults the plaintiff again." *Id.*

Because Plaintiff has now been moved to a different facility[6], the request for

---

[6] As indicated in Plaintiff's Second Motion for Preliminary Injunction to Be Placed in Protective Custody [#104], Plaintiff has been taken out of protective custody and moved to Colorado State Penitentiary.

injunctive relief ordering Defendants to move Diaz to a separate facility is moot, meaning it is "impossible for the court to grant any effectual relief." *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992); *see also Jones v. Griffith*, No. 11-cv-02721-RM-KMT, 2014 WL 3371912, at *2 (D. Colo. July 10, 2014) (quoting *Jordon v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011)) ("Mootness is found when events outside the litigation make relief impossible. Events may supersede the occasion for relief."). The purpose of a preliminary injunction is to "prevent existing or presently threatened injuries," *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931), "not to remedy past harm," *Schrier*, 427 F.3d at 1267. Thus, the threat of irreparable harm alleged by Plaintiff posed by his proximity to Diaz no longer exists as described in this Motion [#72] and cannot be remedied through injunctive relief.

The same is true as to Plaintiff's other allegations of harm at the Buena Vista Correctional Facility where he was housed at the time the Motion [#72] was filed. The Defendants about whom Plaintiff seeks relief are affiliated with that facility, and Plaintiff is not seeking relief in connection with the Colorado State Penitentiary or its officials. Accordingly, the Motion [#72] is moot in its entirety.

The Court further finds that Plaintiff has failed to show an injury that is irreparable, imminent, and certain in connection with the other relief he seeks in the Motion [#72]. Thus, the Court notes that Plaintiff's frustration with not receiving a November 30, 2020 Order [#57] until February 8, 2021 (*Motion* [#72] at 1), is understandable; however, it does not constitute an irreparable injury. In fact, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint [#69] in consideration of that delay (*see Minute Order*

[#71]), meaning that Plaintiff suffered no actual injury. *See Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010) (holding that "a prisoner must demonstrate actual injury from interference with his access to the courts"). Similarly, the Court sees no other cognizable harm to Plaintiff's access to the courts, as Plaintiff has actively prosecuted this case and continued to file motions and other documents since this Motion [#72] was filed.[7]

In closing, for the Court to grant the extraordinary remedy of a mandatory preliminary injunction, the Plaintiff must establish each of the four factors for preliminary injunctions at a heightened standard. Plaintiff's claimed threat of irreparable harm from being housed with an inmate who allegedly assaulted him is now moot. Further, the Court finds no other live threat of irreparable harm, particularly now that he has been transferred to a different facility. As a result, Plaintiff cannot succeed on this Motion [#72] and the Court need not address the remaining factors relevant to injunctive relief.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#72] is **DENIED**.

---

[7] In *Merryfield v. Jordan*, 432 F. App'x 743, 746 (10th Cir. 2011) (citing *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005)), the United States Court of Appeals for the Tenth Circuit determined that a civilly-committed plaintiff bringing suit against state officers in their official capacity for violating his right to access the courts by interfering with his outgoing mail must allege intentional acts to impede access that result in an *ongoing* violation of his right to access, rather than a singular incident of mail interference. Additionally, the court stated that the harm the plaintiff asserted was caused by the interference (a warning by the court for untimely filings), did not constitute an actual injury. *Id.* at 747.

Dated: October 22, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge