IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03025-KLM

JOHN STANDLEY SNORSKY,

     Plaintiff,

v.

LESLIE BEELER,
NAMON CHASE,
AUSTIN CHRESTENSEN,
DANIEL DENT,
SIMON DENWALT,
BRANDON HAGANS,
JOHN JORDAN,
EVA LITTLE,
MICHELLE MCVAY,
ERNEST MONTANEZ,
CARRIE RICOTTA,
KYLE ROBERTS,
CASE MANAGER RODRIGUEZ,
MICHAEL SHERWOOD,
CASE MANAGER SKRUGGS,
DEAN WILLIAMS, and
ELIZABETH WOOD,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Plaintiff John Snorsky's <u>Partially Opposed</u>**

**Motion for Attorney Fees** [#171] (the "Motion").  The Court has reviewed the Motion

[#171], the Response [#175], the case file, and the applicable law, and is sufficiently

advised in the premises.  For the reasons set forth below, the Motion [#171] is **GRANTED**.

Plaintiff moves for an award of attorney's fees in the amount of $15,724.80 as the prevailing party on his Motions for Preliminary Injunction [#104, #137].  The Court notes that an evidentiary hearing on the motions was held on April 1, 2022 (*see* [#151]), after which the parties submitted closing arguments.  [#155, #156].  The Court granted Plaintiff's Motions for Injunctive Relief [#104, #137] by Order [#161] issued on May 12, 2022.

Plaintiff argues that as the prevailing party, he is entitled to reasonable attorney fees for the fees incurred in connection with the Motions for Preliminary Injunction [#104, #137]. Defendants do not contest that (1) Plaintiff was the prevailing party at the hearing, (2) the hourly rate of counsel Kevin Homiak ($237.00) and his paralegal Jennifer Loadman ($100.00), and (3) the reasonableness of the hours sought in the Motion [#171].  *See Motion* [#171] at 1; *Response* [#175] at 1.[1]  Defendants' only objection as to an award of fees against them individually is that "none of them were involved in the hearing or the direct circumstances that led to the hearing or the need for the hearing."  *Response* [#175] at 1-2.  Therefore, Defendants assert that special circumstances exist that should preclude the award of attorneys' fees against Defendants.  *Id.* at 2-4.

Turning to the Court's analysis, 42 U.S.C. § 1988(b) provides in relevant part: "In any action or proceeding to enforce a provision of section[]. . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  *Id.*  "Construing this statute, the Supreme Court has

---

[1]   Mr. Homiak was retained to represent Plaintiff on a *pro bono* basis for limited representation in connection with the April 1, 2022 preliminary injunction hearing.  *See* Limited Appointment Order [#141].  A General Appointment Order [#170] was later issued appointing Mr. Homiak as *pro bono* counsel for full representation of Plaintiff in this case.

held that the prevailing party in a civil rights case 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Roth v. Green*, 466 F.3d 1179, 1194 (10th Cir. 2006) (quoting *Newman v. Piggie Park Enterp.,* 390 U.S. 400, 402 (1968)).  Absent special circumstances, the fee claimant generally need only establish that: (i) it is the prevailing party; and (ii) its fee request is reasonable.  *Arend v. Paez*, No. 12-cv-1270-DDD-SKC, 2019 WL 2726231, at *1 (D. Colo. July 1, 2019) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998)).  Even though these two elements are not contested by Defendants, the Court conducts its own examination of the issue for the record, and then turns to Defendants' argument that special circumstances in this case render an award of fees unjust.

First, the Court finds that Plaintiff is the prevailing party because the Court granted his Motions for Injunctive Relief [#104, #137].  The Tenth Circuit has held that "[a] preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary" to confer "prevailing party" status for attorney's fees, so long as it "provide[s] at least some relief on the merits of the plaintiff's claim(s)." *Kansas Jud. Watch v. Stout*, 653 F.3d 1230, 1237-38 (10th Cir. 2011).  "A plaintiff prevails for attorney fee purposes if success on a significant issue of litigation achieves some of the benefit the plaintiff sought in bringing the suit." *Kopunec v. Nelson*, 801 F.2d 1226, 1228–29 (10th Cir. 1986) (holding that "the phrase 'prevailing party' should not be limited to a victor only after entry of a final judgment following a trial on the merits. . . . A fee award may thus be appropriate where the party has prevailed on an interim order . . . which was central to the case.").

This Court's preliminary injunction ordering that Mr. Snorsky be transferred to protective custody (Order [#161] at 53) provided at least some relief on the merits of Mr.

Snorsky's claims.  *Stout*, 653 F.3d at 1237-38.  Plaintiff has asked the Court to transfer him to protective custody since the initiation of this case.  *See, e.g.,*  Compl. [#1] at 24; First Am. Compl. [#74] at 23.  Further, similar to the trial court in *Stout*, this Court undertook a "painstaking examination of the merits prong of the preliminary-injunction standard" in a 54-page Order [#161], and found that Mr. Snorsky was likely to succeed on the merits of his Eighth Amendment claim.  *Id.*, 653 F.3d at 1234; *see* Order on Injunctive Relief [#161] at 47-51.  Because the preliminary injunction issued by the Court was "a judicially sanctioned alteration in the legal relationship between the parties," Mr. Snorsky is a prevailing party for the purposes of awarding attorney's fees.  *Stout*, 653 F.3d at 1237.

As to the reasonableness of fees, a fee request under § 1988 is presumptively reasonable when it is based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Stockmar v. Colo. Sch. of Traditional Chinese Med., Inc.*, No. 13-cv-02906-CMA-MJW, 2015 WL 4710840, at *2 (D. Colo. Aug. 7, 2015).  The first step in this "lodestar" calculation is the determination of the number of hours reasonably spent.  *Id.*  The prevailing party must establish this number "by submitting meticulous, contemporaneous time records," and the party must also "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Id.* (internal quotation marks and citations omitted).  Here, Plaintiff seeks $15,72480 in fees based on 60.4 hours incurred by Mr. Homiak and 14.1 hours incurred by Ms. Loadman.  A set of contemporaneous, detailed time records substantiating the hours spent litigating this matter is attached to the Motion [#171] as Exhibit A.

The Court finds, considering the relevant factors, that the amount of hours incurred was reasonable.  *See Robinson*, 160 F.3d at 1281.  First, a party's degree of success is

"the most critical factor in determining the reasonableness of a fee award[,]" *Farrar v. Hobby*, 506 U.S. 103, 114  (1992), and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  Here, Plaintiff received excellent results in obtaining the relief he sought after significant preparation for the hearing on the Motions for Injunctive Relief [#104, #137]. *See* Ex. B to Motion [#171], Homiak Decl. ¶¶.  As detailed in the Motion [#171] (at page nine) and Declaration [#171-2] (at paragraphs two through four), Plaintiff's counsel prepared for and attended an in-person status conference and five informal witness interviews, conducted multiple in-person client meetings with Mr. Snorsky to discuss strategy and his direct examination, litigated a five-hour preliminary injunction hearing, and drafted additional supplemental briefing after the hearing that was requested by the Court. Further, the factual issues of this matter were complex—requiring the assistance of a retained expert, the understanding of the inner workings of the Colorado State Penitentiary and the security threat groups housed therein, an understanding of Colorado Department of Corrections ("CDOC") administrative regulations and practices, and the lengthy procedural history of Plaintiff's dispute with the CDOC.  *See id.*  Finally, the Court finds that the tasks listed on Mr. Homiak's and Ms. Loadman's invoice (Exhibit A to Motion [#171] are those that would normally be billed to paying clients.  *See* Homiak Decl. [#171-2] ¶ 17.

After establishing a reasonable number of hours, the Court must determine "the reasonable rate per  hour[,]" *i.e.*, "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."  *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).  Again, Defendant does not dispute

that the rate charged by Mr. Homiak and Ms. Loadman was reasonable, and the Court finds that this issue is established.  As the Motion [#171] notes, the proposed rates are significantly less than what the market commands for plaintiff-side civil rights litigation in the Denver metropolitan area.  *See Stroup and Lee v. United Airlines*, ECF No. 232, No. 15-cv-01389-DDD-STV (D. Colo. Dec. 5, 2018) (approving partner rates at $540-$590 per hour, associate rates at $350 per hour, and paralegal work at $175 per hour);  *O'Neal v. Bd. of Cty. Comm'rs of Cty. of Fremont,* ECF No. 199, No. 16-cv-01005-TMT-KLM (June 6, 2020) (approving partner rates at $650-$600 per hour, associate rates at $350-$375 per hour, and paralegal work at $150-$175 per hour).[2]

The Court now turns to the issue raised by Defendants; namely, whether special circumstances exist that would make an award of fees against the individual Defendants unreasonable.  Defendants argue that Plaintiff's Motion for Preliminary Injunction [#104] and Plaintiff's Motion for an Emergency Ruling on his Motion [#137] do "not identify any of the Defendants as individuals involved in the facts and circumstances that led him to file his motion, or even mention them at all." *Response* [#175] at 2.  In fact, Defendants assert that it appears the last involvement of the Defendants named in the Complaint [#1] and First Amended Complaint [#74] are as follows: Beeler: 2016–17; Dent: 2016–17; Hagans: 2017; Chase: 2017; Roberts: 2016; McVay: 2016–17.  *Id.* at 3.  Plaintiff's requests for preliminary injunction were, according to Defendants, based on housing placements that occurred well after the last time any of the named Defendants were involved with Plaintiff.

---

[2] Under 42 U.S.C. § 1997e(d)(3), the statutorily capped rate for Mr. Homiak in this prisoner litigation is $237 per hour, which is lower than Mr. Homiak's normal billing rate. *See Motion* [#171] at 6 n. 22; Ex. B, Homiak Decl. ¶ 18. The hourly rate established under section 3006A for paralegals assisting court-appointed counsel is $65-$125 per hour. *Motion* [#171] at 6 n. 22.

Defendants note that "special circumstances" have been held to include "situations in which a defendant is powerless to provide the remedy sought by plaintiff." *Response* [#175] at 3 (citing *Soc'y of Prof'l Journalists, Headliners Chapter v. Briggs*, 687 F. Supp. 1521, 1524 (D. Utah 1988)).  Defendants conclude that an award of fees against then would be unjust, and request that the Motion [#171] be denied.  *Response* [#175] at 4.

The Court rejects Defendants' argument, finding that Defendants have not demonstrated that special circumstances exist in this case that would make an award of fees unjust.  First, the Court notes that the First Amended Complaint [#74], the operative complaint at the time of the Order on Injunctive Relief [#161], named many more Defendants than those referenced in the Response.   That Complaint alleges that Defendants denied or ignored Plaintiffs' requests to be placed into protective custody, which the Court notes ultimately resulted in Plaintiff's filing of his numerous Motions for Preliminary Injunction reflected in the record.

Second, the "special circumstance" that Defendants rely on to contest an award of fees is the situation where a defendant is powerless to provide the remedy sought by plaintiff. *Response* [#175] at 3 (citing *Briggs*, 687 F. Supp. at 1524).  The Court rejected an argument by Defendants that they could not provide the relief requested by Plaintiff in the Order Granting Injunctive Relief [#161].  *Id.* at 51-52.  That Order found that the members of the CDOC PC Review Board who were named in the First Amended Complaint [#74] could provide the relief requested as they could immediately place Plaintiff into PC for his safety.  *Id*. at 52.  The Order further stated as to that issue that "no affirmative representation has been made that the members of the PC Review Board or any other Defendants lack authority to provide the relief requested" and that "Defendants do not cite

-7-

any authority in support of their assertions as to this issue, nor do they argue that Plaintiff failed to join an indispensable party." *Id.* Accordingly, Defendants' reliance on *Briggs* and the circumstances noted therein is unfounded, and the Court rejects the argument that special circumstances exist in this case that would render an award of fees unjust.

Based upon the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#171] is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$15,724.80**, which amount shall be paid to Plaintiff's attorney in full on or before **October 14, 2022**.

Dated:  September 30, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge