IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03025-KLM

JOHN STANDLEY SNORSKY,

    Plaintiff,

v.

LESLIE BEELER,
NAMON CHASE,
AUSTIN CHRESTENSEN,
DANIEL DENT,
SIMON DENWALT,
BRANDON HAGANS,
JOHN JORDAN,
EVA LITTLE,
MICHELLE MCVAY,
ERNEST MONTANEZ,
CARRIE RICOTTA,
KYLE ROBERTS,
CASE MANAGER RODRIGUEZ,
MICHAEL SHERWOOD,
CASE MANAGER SKRUGGS,
DEAN WILLIAMS, and
ELIZABETH WOOD,

    Defendants.
_____

### ORDER RENEWING INJUNCTIVE RELIEF
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Stipulated Motion to Extend the Preliminary Injunction Ninety Days Beyond the Current Deadline of November 15, 2022** [#191] (the "Motion"). As set forth in the most recent Order Renewing Injunctive Relief [#190] and by way of background, a Preliminary Injunction was entered in this case

on May 12, 2022. *Id.* at 1; *Order Granting Injunctive Relief* [#161]. Before the Preliminary Injunction expired on August 10, 2022, it was renewed and extended per stipulated motion to November 8, 2022. *Order Granting Renewed Injunctive Relief* [#184]. The Preliminary Injunction was then extended per stipulated motion to November 15, 2022. Order Renewing Injunctive Relief [#190] at 3. The Preliminary Injunction will thus expire automatically on November 15, 2022, unless renewed. *See* 18 U.S.C. § 3626(a)(2) (stating that preliminary injunction order in a civil action with respect to prison conditions expires automatically in 90 days); *see also Alloway v. Hodge*, 72 F. App'x 812, 816 (10th Cir. 2003) (holding that a district court may enter a new injunction before the preliminary injunction expires, and that "[n]othing in the statute limits the number of times a court may enter preliminary relief") (citing *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001)).

The most recent Motion [#191] states that the Parties have agreed that Mr. Snorsky will remain in protective custody at Arkansas Valley Correctional Facility ("AVCF") until at least February 13, 2023, and request that the Preliminary Injunction be extended to that date. *Id.* at 3.

The Court finds pursuant to 18 U.S.C. § 3626(a)(2) that a preliminary injunction affording prospective relief remains necessary to correct a current and ongoing violation of a Federal right, for the same reasons as discussed in depth in the Court's Order Granting Injunctive Relief [#161]. This injunctive relief is necessary to protect Plaintiff from the real and imminent threat of violence at the hands of other prisoners as required under the Eighth Amendment, which threat is "dire." *See, e.g., id.* at 25-42, 44, 47-50; *Farmer v. Brennan*, 511 U.S. 825 (1994). As The Court finds nothing in the record to indicate that the threat to Plaintiff has changed or minimized. Accordingly, the Court renews these findings.

The Court further finds that the injunctive relief provided to Plaintiff herein extends no further than necessary to correct the violation of the federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation for the reasons discussed in the Order Granting Injunctive Relief [#161] and Order Granting Renewed Injunctive Relief [#184]. Again, nothing in the record indicates that the situation has changed. Accordingly, the Court also renews these findings.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Stipulated Motion to Extend the Preliminary Injunction **Ninety Days Beyond the Current Deadline of November 15, 2022** [#191] [#189] is **GRANTED**. A renewed preliminary injunction is hereby **ISSUED**, which shall remain in effect up to and including **February 13, 2023**.

IT IS FURTHER **ORDERED** that Plaintiff shall remain in protective custody at AVCF for the duration of the preliminary injunction but may be temporarily transferred to a hospital or other acute medical facility in the event that he needs emergency medical care that AVCF cannot provide, so long as he is returned to protective custody at AVCF thereafter.

Dated: November 14, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge