IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-03025-KLM

JOHN STANDLEY SNORSKY,

    Plaintiff,

v.

LESLIE BEELER,
DANIEL DENT,
BRANDON HAGANS,
NAMON CHASE,
MICHELLE MCVAY, and
KYLE ROBERTS, et al.,

    Defendants.

---

### PLAINTIFF JOHN SNORSKY'S
### <u>UNOPPOSED</u> MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

---

Plaintiff John Standley Snorsky, by and through his undersigned counsel, respectfully requests the Court issue a writ of *habeas corpus ad testifcandum* pursuant to 28 U.S.C. § 2241(c)(5) to: (i) permit his appearance and testimony at trial for March 29, 2023, to March 31, 2023; and (ii) permit his housing at the Colorado Department of Correction's Denver Reception and Diagnostic Center ("DRDC") for the week of March 27, 2023 to facilitate trial preparation with his counsel.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.L.Civ.R. 7.1(A), counsel for Mr. Snorsky has conferred with counsel for Defendants regarding this Motion on February 22, 2023. Defendants <u>do not</u> oppose the relief requested herein.

**ARGUMENT**

Under 28 U.S.C. § 2241(c)(5), the Court may issue a writ of *habeas corpus ad testificandum* if "[i]t is necessary to bring [the prisoner] into court to testify or for trial." Whether to issue the writ "rests in the sound discretion of the trial court." *Brady v. United States*, 433 F.2d 924. 925 (10th Cir. 1970); *see also Hawkins v. Maynard*, No. 95-6301, 1996 WL 335234, at *1 (10th Cir. June 18, 1996). In determining whether to issue such a writ, the Court "weigh(s) the prisoner's need to be present against concerns of expense, security, logistics, and docket control." *Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 1216525, at *1 (D. Colo. Mar. 31, 2021) (citations and internal quotation marks omitted). Where the case to be tried is the prisoner's own civil action, the Court should evaluate the prisoner's need to be present by considering "whether the [prisoner's] physical presence in the courtroom would substantially further the resolution of the case." *Jordan v. Pugh*, 484 F. Supp. 2d 1185, 1186-87 (D. Colo. 2007). If the prisoner is expected to testify, the Court should consider whether the prisoner's testimony will be "relevant, necessary, and non-cumulative." *Valdez*, 2021 WL 12165626 at *1 (citations and internal quotation marks omitted).

First, a writ is necessary to secure Mr. Snorsky's presence at the bench trial. He is currently incarcerated at Arkansas Valley Correctional Facility, 12750 CO-96, Ordway, Colorado 81034. His in-person appearance at trial is the only way to ensure that he can confer with his counsel in real-time—an advantage that cannot be underestimated at critical moments, such as during the examination of the CDOC employees who are expected to testify regarding Mr. Snorsky's history of requests for protective custody. Mr. Snorsky's in-person appearance is also necessary to avoid

2

the undue prejudice that would result from him appearing remotely. As this Court may recall, Defendants were unable to produce Mr. Snorsky via videoconference for the preliminary injunction hearing held on April 1, 2022, and Mr. Snorsky was forced to testify via telephone and was unable to confer with his counsel regarding witness examination in real time.

Second, Mr. Snorsky's testimony is undoubtedly relevant. As the Court is aware, the March 2023 bench trial will focus on whether Mr. Snorsky should remain in protective custody at Arkansas Valley, and under what circumstances (if any) Defendants shall be permitted to move him to another facility. The Court will be tasked with determining whether the relief Mr. Snorsky is requesting "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). Mr. Snorsky is a key witness to "the violation of [his] Federal right[s]," by Defendants and likely the only witness who can speak to his repeated requests for protective custody, Defendants' denials of those requests, and the attempted murder of him by three CDOC inmates on February 22, 2017. *Id.* Given that Defendants have been unable to locate key documents and information regarding Mr. Snorsky's protective custody requests for the time period prior to the February 2017 attack, it will be crucial for the Court to hear from Mr. Snorsky directly what happened leading up to, during, and after the attack, and the injuries and after-effects it caused.

Additionally, the other factors weigh in favor of allowing Mr. Snorsky to attend trial in person. He does not pose any risk of escape or to the safety and security of the courtroom or its occupants. He has had no write-ups since being transferred to Arkansas Valley in May 2022, nor have Defendants identified any security risk from having him present in-person in the courtroom.

3

Finally, allowing Mr. Snorsky to appear at trial should not present unduly burdensome expense or logistical or docket challenges. Colorado federal courts have issued writs to similarly situated prisoner-plaintiffs to allow them to be present at their own civil trials. (*See generally Ex. A*, Orders Granting Motions for Writ of Habeas Corpus ad Testificandum from U.S. District Court Judges Christine M. Arguello, R. Brooke Jackson, William J. Martinez, and Marcia S. Kreiger.)

Because Mr. Snorsky's presence and testimony is essential in this trial, Mr. Snorsky requests that he be transported to the Colorado Department of Correction's Denver Reception and Diagnostics Center ("DRDC") for the week of March 27, 2023 to facilitate trial preparation. The Arkansas Valley Correction Facility is located in Ordway, Colorado – which is a six-hour round trip drive from the Denver metropolitan area (where undersigned counsel lives and works). It has also been standard practice that calls with Mr. Snorsky at the Arkansas Valley Correctional Facility must be scheduled 48 hours in advance and that policy runs the risk of being at odds with the need for adequate trial preparation. Thus, Mr. Snorsky's transportation to DRDC for the week of trial is necessary for undersigned counsel to adequately prepare with their client.

## CONCLUSION

For the reasons set forth above, Mr. Snorsky respectfully requests that the Court order the Clerk of Court to issue the attached Writ of Habeas Corpus ad Testificandum for Plaintiff John Standley Snorsky, DOC ID Number 123847, so that he may be present in this Court for trial in this matter beginning at 8:30 a.m. on March 29, 2023 and at the Colorado Department of Correction's Denver Reception & Diagnostic Center ("DRDC") starting on March 27, 2023. Undersigned counsel respectfully requests that the Court issue the writ **by no later than March 1,**

*2023*, so that it can be provided to the Colorado Department of Corrections in time for Mr. Snorsky to appear at DRDC on March 27, 2023.

Respectfully submitted this 23rd day of February, 2023.

*s/ Kevin D. Homiak*
Kevin D. Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
505-385-2614
kevin@homiaklaw.com

and

Erica T. Grossman
HOLLAND, HOLLAND EDWARDS &
GROSSMAN, PC
1437 High Street
Denver, CO  80218
erica@hheglaw.com

and

Brian Osterman
Kristen L. Ferries
Matt Rotbart
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
osterman@wtotrial.com
ferries@wtotrial.com
rotbart@wtotrial.com

*Attorneys for Plaintiff John Standley Snorsky*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF and thereby served on the following counsel of record:

- **Nathan Klotz**
  nklotz@dietzedavis.com

- **William Rogers**
  wrogers@dietzedavis.com

        *s/ Jennifer A. Loadman*
        Paralegal, Homiak Law LLC