IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03025-KLM

JOHN STANDLEY SNORSKY,

     Plaintiff,

v.

RICK RAEMISCH, et al.,

     Defendants.
_____

**ORDER GRANTING UNOPPOSED MOTION FOR WRIT
OF HABEAS CORPUS AD TESTIFICANDUM**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Plaintiff John Snorsky's <u>Unopposed</u> [First]
Motion for Writ of Habeas Corpus Ad Testificandum** [#211] (the "Motion") **and
Plaintiff John Snorsky's Unopposed [Amended] Motion for Writ of Habeas Corpus
Ad Testificandum** [#212] (the "Amended Motion") (collectively "the Motions").  Plaintiff
requests in the Motions that the Court issue a writ of habeas corpus ad testificandum
pursuant to 28 U.S.C. § 2241(c)(5) to: (i) permit his appearance and testimony at the
trial set for March 29, 2023 to March 31, 2023; and (ii) permit his housing at the
Colorado Department of Correction's Denver Reception and Diagnostic Center
("DRDC") for the week of March 27, 2023 to facilitate trial preparation with his counsel.

     Under 28 U.S.C. § 2241(c)(5), the Court may issue a writ of habeas corpus ad
testificandum if "[i]t is necessary to bring [the prisoner] into court to testify or for trial."
Whether to issue the writ "rests in the sound discretion of the trial court."  *Brady v.*

*United States*, 433 F.2d 924, 925 (10th Cir. 1970); *see also Hawkins v. Maynard*, No. 95-6301, 1996 WL 335234, at *1 (10th Cir. June 18, 1996).  In determining whether to issue such writ, the Court "weigh[s] the prisoner's need to be present against concerns of expense, security, logistics and docket control."  *Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 1216525, at *1 (D. Colo. Mar. 31, 2021) (citations and internal quotation marks omitted).  Where the case to be tried is the prisoner's own civil action, the Court should evaluate the prisoner's need to be present by considering "whether the [prisoner's] physical presence in the courtroom would substantially further the resolution of the case."  *Jordan v. Pugh*, 484 F. Supp. 2d 1185, 1186–87 (D. Colo. 2007).  If the prisoner is expected to testify, the Court should consider whether the prisoner's testimony will be "relevant, necessary, and non-cumulative."  *Valdez,* 2021 WL 1216525, at *1 (citations and internal quotation marks omitted).,

The Court finds that in order to secure Mr. Snorsky's attendance at this trial, it is necessary that a Writ of Habeas Corpus Ad Testificandum issue.  Mr. Snorsky is currently incarcerated at Arkansas Valley Correctional Facility ("Arkansas Valley), 12750 CO-96, Ordway, Colorado 81034.  His in-person appearance at trial is the only way to ensure that he can confer with his counsel in real-time - an advantage that cannot be underestimated at critical moments, such as during the examination of the CDOC employees who are expected to testify regarding Mr. Snorsky's history of requests for protective custody.  Mr. Snorsky's in-person appearance is also necessary to avoid undue prejudice that would result from him appearing remotely.  This is further supported by the fact that Defendants were unable to produce Mr. Snorsky via

2

videoconference for the preliminary injunction hearing held on April 1, 2022, and Mr. Snorsky was forced to testify via telephone and was unable to confer with his counsel regarding witness examination in real time.

Additionally, Mr. Snorsky's testimony as the Plaintiff in this case is obviously relevant.  The March 2023 bench trial will focus on whether Mr. Snorsky should remain in protective custody at Arkansas Valley, and under what circumstances (if any) Defendants shall be permitted to move him to another facility.  The Court will be tasked with determining whether the relief Mr. Snorsky is requesting "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1).  Mr. Snorsky is a key witness to "the violation of [his] Federal right[s]" by Defendants and likely the only witness who can speak to his repeated requests for protective custody, Defendants' denials of those requests, and the attempted murder of him by three CDOC inmates on February 22, 2017.  *Id.*  Given that Defendants have been unable to locate key documents and information regarding Mr. Snorsky's protective custody requests for the time period prior to the February 2017 attack, it will be crucial for the Court to hear from Mr. Snorsky directly what happened leading up to, during, and after the attack, and the injuries and after-effects it caused.

Additionally, the Court finds that the other factors weigh in favor of allowing Mr. Snorsky to attend trial in person.  There is nothing in the record to indicate that Mr. Snorsky poses any risk of escape or to the safety and security of the courtroom or its occupants.  The Motions assert that Mr. Snorsky has had no write-ups since being

transferred to Arkansas Valley in May 2022, nor have Defendants identified any security risk from having him present in-person in the courtroom.  In addition, the Motions are unopposed.

Finally, allowing Mr. Snorsky to appear at trial should not present unduly burdensome expense or logistical or docket challenges.  Colorado federal courts have issued writs to similarly situated prisoner-plaintiffs to allow them to be present at their own civil trials.  *See Am. Motion* [#212], *Ex. A* (Orders Granting Motions for Writ of Habeas Corpus ad Testificandum from U.S. District Court Judges Christine M. Arguello, R. Brooke Jackson, William J. Martinez, and Marcia S. Kreiger.)

In short, the Court finds that Mr. Snorsky's presence and testimony is essential in this trial.  He is the key factual witness to his claims, and his testimony is not cumulative. The Court further finds that Mr. Snorsky should be transported to the Colorado Department of Correction's Denver Reception and Diagnostics Center ("DRDC") for the week of March 27, 2023 to facilitate trial preparation.  This is necessary since Arkansas Valley is located in Ordway, Colorado – which is a six-hour round trip drive from the Denver metropolitan area (where Plaintiff's counsel lives and works).  The Motions note that it has also been standard practice that calls with Mr. Snorsky at Arkansas Valley are scheduled 48 hours in advance, and that policy runs the risk of impinging on the need for adequate trial preparation.  Accordingly, the Court finds that Mr. Snorsky's transportation to DRDC for the week of trial is necessary for Plaintiff's counsel to adequately prepare with their client.

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff John Snorsky's [First] <u>Unopposed</u> Motion for Writ of Habeas Corpus Ad Testificandum [#211] and Plaintiff John Snorsky's Amended Motion for Writ of Habeas Corpus Ad Testificandum [#212] are **GRANTED**. Consistent with those Motions,

IT IS FURTHER **ORDERED** that thea Writ of Habeas Corpus Ad Testificandum [#212-1] shall be issued.

Dated:  February 27, 2023

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge