# Exhibit A



Kevin D. Homiak
505.385.2614
Kevin@homiaklaw.com

February 8, 2023

**Via Email**

Nathan Klotz, Esq.
Dietze and Davis, P.C.
2060 Broadway, Suite 400
Boulder, CO 80302
nklotz@dietzedavispc.com

   Re: *Snorsky v. Raemisch et al.*
     Case No. 1:18-cv-03025-KLM
     United States District Court, District of Colorado
     Settlement Demand re: Injunctive Relief

Nathan,

  We know you are familiar with the facts and the evidence presented at the last hearing that led to the temporary injunction ordered by the Court. Since then, nothing has changed to alter Mr. Snorksy's need for protective custody, and there is nothing we can see that would alter that need. The extraordinary danger of the 211 gang is common knowledge among anyone working in, and living in, a correctional facility in Colorado. We have also talked with our corrections expert, Monte Gore, who will testify that the 211 gang is a constant threat, and they don't just forget witnesses or people who they perceive to have wronged them. As a result, it's clear that Mr. Snorsky's life is in perpetual danger as long as he in prison. It's also our understanding that Mr. Snorsky has not been charged with any COPD offenses since he was transferred to protective custody at AVCF on May 13, 2022.

  We're hoping that we can come up with a resolution regarding Mr. Snorsky's request for injunctive relief that will work for both sides. We understand that CDOC wants to retain some discretion regarding housing, but such absolute discretion threatens Mr. Snorksy's life and safety—as we have seen when Christopher Clark, Jaray Trujillo, and Danny Samson nearly murdered him on February 22, 2017. Thus, we propose the following terms.

  Mr. Snorsky can only be removed from protective custody at Arkansas Valley Correctional Facility if **both** of the following conditions are met:

1. Pursuant to the process and requirements for formal disciplinary proceedings set forth in CDOC A.R. #150-01(IV)(F), Mr. Snorsky is charged with and found guilty of one of the following Class I offenses:

    a. Murder (A.R. #150-01(IV)(D)(1));

January 20, 2023
Page 2

      b.  Manslaughter (A.R. #150-01(IV)(D)(2));

      c.  Kidnapping (A.R. #150-01(IV)(D)(3));

      d.  Escape with Force (A.R. #150-01(IV)(D)(7));

      e.  Escape without Force (A.R. #150-01(IV)(D)(8)); and

      f.  Rape (A.R. #150-01(IV)(D)(10)).

2.  Upon motion by the CDOC or its designated representative, the Court determines (by a preponderance of the evidence) that (a) Mr. Snorsky committed the Class I offense for which he was convicted, (b) Mr. Snorsky presents an imminent risk of harm to others in protective custody, and (c) the CDOC's proposed placement of Mr. Snorsky is better suited to prevent this imminent risk of harm than Mr. Snorsky's current placement in protective custody.

If you would like to discuss this further, I suggest we all meet and have a discussion to see if there are any potential solutions to avoid the need to proceed to the permanent injunction hearing.

Sincerely,

Kevin Homiak

CC:
Erica Grossman
Brian Osterman
Matthew Rotbart
Kristen Ferries