UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 1:18-cv-03025-KLM

JOHN STANDLEY SNORSKY,

        Plaintiff,

v.

BRANDON HAGANS and
MICHAEL SHERWOOD,

        Defendants.

---

## PLAINTIFF JOHN SNORSKY'S TRIAL BRIEF

Pursuant to KLM Practice Standards II.4 and II.5, Plaintiff John Snorsky submits this Trial Brief to flag evidentiary issues he anticipates arising during trial. Specifically, Mr. Snorsky requests the Court exclude (i) evidence of his prior arrests and criminal convictions; (ii) evidence of his Code of Penal Discipline ("COPD") violations for sexual harassment; (iii) inflammatory statements by the sentencing judge regarding the convictions for which he is presently incarcerated; and (iv) evidence regarding his civil litigation history and reference to any claims or defendants that have been dismissed from this case.

These matters are irrelevant to the issues in this Eighth Amendment deliberate indifference case, in which Mr. Snorsky claims that Defendants Lt. Brandon Hagans and Lt. Michael Sherwood failed to take reasonable steps to protect him from a substantial risk of serious harm that ultimately resulted in a violent attack against him on February 22, 2017, while he was incarcerated under their

supervision. Accordingly, and as explained in more detail below, these matters should be excluded from evidence under Rules 401, 402, 403, 404, 609, and 801-802.

## INTRODUCTION

This case concerns Mr. Snorsky's cooperation with an investigation into (and prosecution of) Chad Merrill for his brutal murder of Mr. Snorsky's friend and fellow inmate (Joshua Edmonds), the resulting threat to Mr. Snorsky from Mr. Merrill and the 211 Crew, and Defendants' failure to take reasonable steps to protect Mr. Snorsky from that threat. There will be three discrete issues for the jury: (1) whether Mr. Snorsky was exposed to a substantial risk of serious harm; (2) whether Defendants were deliberately indifferent to that risk; and (3) whether Defendants' deliberate indifference caused Mr. Snorsky's damages. Mr. Snorsky requests the Court exclude four areas of evidence because they are irrelevant to the determination of these issues and will unfairly prejudice him before the jury.

First, Mr. Snorsky requests the Court exclude evidence of his prior arrests and criminal convictions. Two of Mr. Snorsky's prior criminal convictions were resolved many years before the events at issue in this case occurred. The other—for theft—has no bearing on the issues in this case and is not probative of Mr. Snorsky's character for truthfulness. Mr. Snorsky's two arrests—which did not result in convictions—are also irrelevant. Thus, because Mr. Snorsky's prior criminal convictions have no bearing on the issues in this case, and putting them before the jury would risk a verdict based on prejudice, Mr. Snorsky's prior arrests and convictions should be excluded under Rules 401-404 and 609.

Second, Mr. Snorsky requests the Court exclude any mention of the sentencing judge's comments regarding the convictions for which Mr. Snorsky is presently incarcerated as irrelevant

and inadmissible hearsay. The statements by the judge are out-of-court statements that could only be offered for the proof of the matter asserted—*i.e.*, to show that Mr. Snorsky is a "boogie man" and a "bump in the night." Fed. R. Evid. 801, 802. While the basic facts of those convictions are relevant to Mr. Snorsky's requests for protective custody,[1] the highly-inflammatory comments from the sentencing judge are not. Informing the jury that Mr. Snorsky's sentencing judge referred to him as the "bump in the night" and the "boogie man" will not assist the jury in determining any fact in issue, but it will obviously prejudice Mr. Snorsky. Fed. R. Evid. 403.

Third, Mr. Snorsky requests the Court exclude evidence, testimony, or argument concerning his COPD convictions for sexual harassment. These COPD convictions are not criminal convictions subject to Rule 609, and they are irrelevant to the issues, as Defendants have never argued that their failure to place Mr. Snorsky in protective custody was in any way related to Mr. Snorsky's sexual harassment cases. They are therefore irrelevant, *see* Fed. R. Evid. 401, and their introduction into evidence would unfairly prejudice Mr. Snorsky's case, *see* Fed. R. Evid. 403.

Finally, Mr. Snorsky requests the Court exclude evidence of his civil litigation history, any claims or defendants in this case that were dismissed, and any references to his "litigious" nature, as irrelevant and unfairly prejudicial under Rules 401, 402, and 403. The procedural history of this case—including any references to claims and defendants that have been dismissed from the case— have no bearing on the issues the jury will be tasked with deciding, nor does Mr. Snorsky's prior litigation history or alleged litigiousness. Inferring that Mr. Snorsky's remaining Eighth

---

[1] Mr. Snorsky will testify that he was threatened by other inmates in part because of the media's characterization of the crime for which he was convicted. Mr. Snorsky does not seek to exclude evidence concerning the basic facts of that crime or the resulting media attention.

Amendment claim lacks merit because he has previously brought other claims that were dismissed

is illogical, irrelevant, and will only serve to unfairly prejudice Mr. Snorsky. *See* Fed. R. Evid. 401-

403. The inference is also impermissible under Rule 404. Thus, Mr. Snorsky's litigation history,

and any reference to claims or parties that have been dismissed from this case should be prohibited.

## **ARGUMENT**

### I.    **MR. SNORSKY'S PRIOR ARRESTS AND CRIMINAL CONVICTIONS ARE INADMISSIBLE.**

Mr. Snorsky requests the Court exclude evidence, argument, or questioning regarding his

prior criminal convictions—other than the burglary and kidnapping convictions for which he is

currently incarcerated.

A witness's prior bad acts are generally inadmissible. *See* Fed. R. Evid. 404(b); *see also,*

*e.g.*, *Vining v. Taylor*, No. Civ 09-419 LH/LFG, 2010 WL 11590670, at *4-5 (D. N.M. Aug. 10,

2010) (excluding evidence of the defendant's history of excessive force in an excessive force case

because the evidence was "highly prejudicial" and would "create mini-trials within this trial on the

merits of the prior accusations," and would "be a waste of time"). This is particularly true with

respect to prior criminal convictions. In fact, the Federal Rules of Evidence indicate a clear

preference for excluding evidence of prior criminal convictions where those convictions are older

than ten years, *see* Fed. R. Evid. 609(a), or insufficiently probative of the issues in the case to

outweigh the prejudicial effect of their admission into evidence, *see* Fed. R. Evid. 609(b).

Indeed, even for convictions that are punishable by death or by imprisonment for more than

one year, the Court must conduct a Rule 403 balancing test prior to admitting evidence of the

conviction, even for purposes of impeachment. Rule 403 balancing is necessary to avoid the

"danger that convictions that would be [otherwise] excluded . . . will be misused by a jury as

propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). Mr. Snorsky's prior criminal convictions are not probative of any fact at issue in this case, which concerns only the *conditions* of his confinement, not the *reasons* for his confinement. Given the discrete issues for the jury to decide, evidence, questioning, or argument concerning Mr. Snorsky's criminal history will do nothing but prejudice Mr. Snorsky's case, distract the jury from the issues presented, and confuse the issues. *See* Fed. R. Evid. 403.

### A.    Criminal Convictions that Are More than Ten Years Old

First, Mr. Snorsky requests the Court exclude evidence of his criminal convictions for which "10 years have passed since . . . the conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Specifically, Mr. Snorsky requests the Court exclude evidence of his 2004 conviction for burglary, for which he was released to community corrections in 2005 (04CR1657) and his 2007 conviction for escape, for which he was released in 2011 (07CR10264).

Convictions older than ten years are presumptively inadmissible under Rule 609(b). *See United States v. Rodriguez*, 409 F. App'x 866, 869-70 (6th Cir. 2011) ("Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded."); *Cox v. Wilson*, No. 15-CV-0128-WJM-NYW, 2016 WL 6803702, at *2 (D. Colo. Nov. 17, 2016) ("With respect to a conviction more than ten years old, the general rule is one of inadmissibility."). Indeed, convictions more than ten years old should "be admitted very rarely and [only] in exceptional circumstances," and a district court must make "specific findings on the record as to particular specific facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact." *Id.* Mr.

Snorsky's old convictions for burglary and escape have no probative value, let alone probative value that could outweigh the prejudicial effect of admitting those convictions into evidence. *See* Fed. R. Evid. 609(b)(1); *see also* Fed. R. Evid. 609 Advisory Committee Notes ("[C]onvictions over ten years old generally do not have much probative value."); *Cox*, 2016 WL 6803702, at *2 ("[T]here can be no doubt that admission of evidence of a prior felony conviction is inherently and significantly prejudicial."). Accordingly, Mr. Snorsky respectfully requests the Court exclude such convictions, as other courts have routinely done. *See, e.g.*, *Doty v. Jasper*, No. 12-CV-01340-PAB-MJW, 2013 WL 5637709, at *2 (D. Colo. Oct. 16, 2013) (excluding evidence of twenty five-year-old fraud conviction of plaintiff in deliberate indifference case); *Casias v. New Mexico Dep't of Corr.*, No. 16-CV-56 JCH/SCY, 2018 WL 4326991, at *9 (D.N.M. Sept. 10, 2018) (excluding fifteen-year-old forgery convictions of plaintiff in deliberate indifference case); *Cretacci v. Hare*, No. 4:19-cv-00055-SKL, 2021 WL 1268373, at *3 (E.D. Tenn. April 6, 2021) (excluding thirty-year-old forgery conviction of plaintiff in excessive force case).

### B.    Criminal Convictions From the Past Ten Years

Second, Mr. Snorsky requests the Court exclude evidence of his 2014 conviction for theft (13CR2347). Criminal convictions that are less than ten years old are only admissible if the probative value of the conviction is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 609(a)(1)(A). Here, Mr. Snorsky's prior conviction for theft has no bearing on the issues in this case. And a theft conviction is not probative of a witness's character for truthfulness, so there is no probative value for impeachment either. *See, e.g., Pedroza v. Lomas Auto Mall, Inc.*, No. CIV 07-0591 JB/RHS, 2009 WL 1325440, at *5 (D.N.M. April 6, 2009) (excluding evidence of theft convictions because the circumstances were "devoid of any sort of

indication of dishonesty or false statements," so the convictions were not "probative of untruthfulness" and therefore "not a proper subject for cross-examination"). Additionally, permitting Defendants to admit evidence and present argument regarding Mr. Snorsky's prior theft conviction will prejudice him, and possibly result in a verdict based on bias, as opposed to the evidence presented. Mr. Snorsky's prior theft conviction should therefore be excluded. *See, e.g.*, *United States v. Johnson*, 47 F. Supp. 2d 1329, 1331-32 (D. Utah 1999) (excluding evidence of an eight-year-old criminal conviction under Rule 609(a)(1)(B) because "even with a limiting instruction, it is likely to generate prejudice beyond the conviction's probativeness on defendant's credibility" and because "the issues of prejudice and fairness predominate").

### C.    Evidence of Arrests Not Leading to Convictions

Finally, Mr. Snorsky requests the Court exclude evidence, testimony, and argument regarding his two arrests that did not result in any conviction (15CR112 & 17CR59). Rule 609 does not permit the introduction of evidence concerning arrests that did not result in convictions. *See United States v. Wilson*, 244 F.3d 1208, 1217 (10th Cir. 2001), *as corrected on reh'g* (May 10, 2001) ("Rule 609 refers specifically to convictions, and one may not extrapolate from convictions to other situations such as arrests."); *Barrientos-Sanabria v. Holte*, No. 11-CV-00838-KLM, 2012 WL 6107904, at *5-6 (D. Colo. Dec. 9, 2012) (holding that evidence of an arrest is inadmissible under Rules 608 and 609, and granting the plaintiff's request to preclude evidence of his prior arrests). This is because an "[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948). Nor does the mere fact that Mr. Snorsky was

arrested have any relevance to this case. The Court should therefore exclude evidence of Mr. Snorsky's prior arrests that did not lead to a conviction.

## II.    MR. SNORSKY'S COPD VIOLATIONS FOR SEXUAL HARASSMENT ARE INADMISSIBLE.

Mr. Snorsky requests the Court exclude any references to his COPD infractions for sexual harassment. These COPD violations are not "criminal convictions" subject to Rule 609. Additionally, these infractions have no bearing on the issues in this case. Defendants do not argue that Mr. Snorsky was denied placement in protective custody as a result of these infractions, and they would not be a proper basis for doing so anyway. Further, allegations of "sexual harassment," particularly without context or further explanation, are not probative of Mr. Snorsky's character for truthfulness, but will undoubtedly prejudice him before the jury. Admission of such evidence would require a response from Mr. Snorsky, which would result in mini-trials concerning the violations, which would distract the jury from the issues in this case. Because prison disciplinary records contain several layers of hearsay, Defendants would need to call witnesses with personal knowledge to testify regarding each disciplinary incident, which would waste significant time during trial. Mr. Snorsky's COPD violations for "sexual harassment" should thus be excluded as irrelevant, unduly prejudicial, impermissible character evidence, and inadmissible hearsay. *See* Fed. R. Evid. 401-403, 404(b), 801-803; *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 1838866, at *6 (N.D. Cal. May 3, 2010) (excluding evidence of the plaintiff's prison disciplinary record under Rules 401-403, 404(b), and 801-803); *Seals v. Mitchell*, No. C 04–3764 NJV, 2011 WL 1399245, at *6 (N.D. Cal. Apr. 13, 2011) (same).

III.   **THE SENTENCING JUDGE'S INFLAMMATORY COMMENTS ABOUT THE CONVICTIONS FOR WHICH MR. SNORSKY IS CURRENTLY INCARCERATED ARE INADMISSIBLE.**

Mr. Snorsky requests the Court exclude commentary by the sentencing judge about the convictions for which he is presently incarcerated. These comments are inadmissible because they are irrelevant, *see* Fed. R. Evid. 401-402, unfairly prejudicial, *see* Fed. R. Evid. 403, and inadmissible hearsay, *see* Fed. R. Evid. 801-802.

First, the sentencing judge's comments are irrelevant and unfairly prejudicial, rendering them inadmissible under Rules 401-403. While the *basic facts* of the criminal convictions for which Mr. Snorsky is presently incarcerated (burglary and kidnapping) are relevant to Mr. Snorsky's requests for protective custody,[2] the Court should exclude the sentencing judge's inflammatory comments regarding the convictions. At Mr. Snorsky's sentencing, Judge Ensor referred to Mr. Snorsky as the "boogie man," accused him of having a "very dark side," and commented that Mr. Snorsky is "the bump in the night." For one thing, Judge Ensor's comments have no bearing on the issues in this case, yet they pose an obvious danger of prejudicing Mr. Snorsky before the jury. *See United States v. Smith*, 534 F.3d 1211, 1219 (10th Cir. 2008) (recognizing that evidence of criminal convictions is likely to "provoke an emotional response [from] the jury or otherwise . . . adversely the jury's attitude"). The jury will be inclined to issue a verdict for Defendants simply because they see Mr. Snorsky as an unsavory individual. Much like evidence of Mr. Snorsky's "sexual harassment" cases, if these statements are admitted into evidence, Mr. Snorsky must be afforded an opportunity to respond, resulting in a mini-trial concerning the circumstances of Mr. Snorsky's

---

[2] In requesting placement in protective custody, Mr. Snorsky told intelligence officers that other inmates had threatened him for a variety of reasons, one of which was the negative media attention he received for these convictions.

convictions and the veracity of Judge Ensor's comments. The jury will be confused by the presentation of evidence bearing no relation to the issues in the case, and Mr. Snorsky will be prejudiced by the very nature of Judge Ensor's statements. The Court should exclude these statements under Rule 403. *See Dailey v. Hecht*, 757 F.App'x. 665, 670-72 (10th Cir. 2018) (affirming exclusion of prior conviction under Rules 403, 608, and 609).

Second, the sentencing judge's comments are inadmissible hearsay under Rules 801 and 802 because they were made outside the context of the trial, and they could only be offered for the truth of the matter asserted—*i.e.*, to prove to the jury that Mr. Snorsky *actually is* "the boogie man," has "a very dark side," and is "the bump in the night." None of the circumstances identified in Rule 801(d)(1) are present, and no exceptions apply. Because Judge Ensor will not be subject to cross-examination regarding the veracity of his comments, they should be excluded. *See, e.g.*, *Gallardo v. United States*, No. No. 10–cv–00868–PAB–CBS, 2012 WL 1191864, at *3 n.2 (D. Colo. April 10, 2012) ("Hearsay is normally not permitted into evidence because the absence of an opportunity to cross-examine the source of the hearsay information renders it unreliable.").

## IV.  MR. SNORSKY'S CIVIL LITIGATION HISTORY, DISMISSED CLAIMS, AND DISMISSED DEFENDANTS ARE INADMISSIBLE.

Mr. Snorsky anticipates that Defendants may attempt to introduce evidence or present argument regarding claims and defendants that have been dismissed from this case or Mr. Snorsky's other civil litigation history. Dismissed claims and defendants, like Mr. Snorsky's prior civil cases, have no bearing on the issues the jury will be asked to decide in this case. Introduction of evidence or argument on these matters will serve only to prejudice the jury by suggesting Mr. Snorsky is overly-litigious and therefore not to be believed with respect to the claims at issue here. Simply put, evidence and argument regarding Mr. Snorsky's litigation history has no probative value and is

therefore inadmissible under Rules 401 and 402. *See, e.g.*, *Anderson v. Brown Indus.*, No. 4:11-cv-0225-HLM, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) ("Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible."); *Slappy v. City of Detroit*, Case No. 19-10171, 2021 WL 2986284, at *2 (E.D. Mich. July 15, 2021) (holding that the "case law does not support the admission of evidence related to dismissed parties and claims, [as] it lacks probative value").

Additionally, evidence and argument concerning Mr. Snorsky's litigation history is unfairly prejudicial because it suggests that Mr. Snorsky brought these claims simply because he is litigious, and not because the claims are meritorious. Given the limited—if not nonexistent—probative value of such evidence, it should also be excluded under Rule 403. *See Raysor v. Port Auth.*, 768 F.2d 34, 40 (2d Cir. 1985) (concluding that any slight probative value from such evidence is "outweighed by the substantial danger of jury bias against the chronic litigant.").

Courts routinely exclude evidence and argument related to previously-dismissed claims and defendants as irrelevant and prejudicial under Rules 401, 402, and 403. *See, e.*g., *Williams v. Hooker*, No. 4:02CV01250 ERW, 2008 WL 2120771, at *3 (E.D. Mo. May 19, 2008) ("Plaintiff may not reference claims that were dismissed by the Court in the Summary Judgment Order."); *Bryce v. Trace, Inc.*, 2008 WL 906142, at *3 (W.D. Okla. Mar. 31, 2008) (excluding "all references to claims asserted in the Complaint that the Court has resolved by summary judgment" and noting that "shielding such matters from the jury is common practice."). Indeed, "[t]he charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988). This is an easy case for exclusion under Rule 403.

Finally, the Court should exclude evidence of claims or defendants that have been dismissed from this case, along with Mr. Snorsky's prior cases, and any suggestions of Mr. Snorsky's alleged "litigiousness," because it is inadmissible character evidence. *See* Fed. R. Evid. 404(b). Introducing evidence of Mr. Snorsky's other claims and civil litigation may cause the jury to view him "first and foremost as a bringer of nuisance lawsuits," and refuse to give his claims "a fair hearing" as a result. *Outley*, 837 F.2d at 592. To conclude based on Mr. Snorsky's prior claims that the claims at issue in this case are not meritorious, the jury would have to believe that Mr. Snorsky is litigious and acted in accordance with his litigious character in bringing these claims. That is classic character evidence that is inadmissible under Rule 404(b).

For these reasons, the Court should exclude evidence and prohibit argument concerning Mr. Snorsky's civil litigation history, including any of his prior civil cases, any reference to the claims and defendants that have been dismissed from this case, and any reference to Mr. Snorsky's alleged "litigious" character.

## **<u>CONCLUSION</u>**

For the reasons stated above, Mr. Snorsky respectfully requests the Court exclude the following from evidence:

i.   Mr. Snorsky's 2004 conviction for burglary (04CR1657); 2007 conviction for escape (07CR10264); 2014 conviction for theft (13CR2347); and arrests that did not result in conviction (15CR112 & 17CR59);

ii.  Mr. Snorsky's COPD infractions for "sexual harassment";

iii. Judge Ensor's inflammatory comments regarding the crimes for which Mr. Snorsky is presently incarcerated; and

iv.  Mr. Snorsky's other civil litigation history and any reference to claims or defendants that have been dismissed from this case.

These matters are irrelevant and prejudicial, and are inadmissible under Rules 401-404, 609, and 801-802. Mr. Snorsky respectfully requests the Court exclude these matters from evidence.

Dated:  July 7, 2023.                                Respectfully submitted,


                                                     s/ Kevin D. Homiak
                                                     Brian S. Osterman
                                                     Matthew V. Rotbart
                                                     Kristen L. Ferries
                                                     Kevin D. Homiak
                                                     Wheeler Trigg O'Donnell LLP
                                                     370 Seventeenth Street, Suite 4500
                                                     Denver, CO 80202
                                                     Telephone:   303.244.1800
                                                     Facsimile:   303.244.1879
                                                     Email:   osterman@wtotrial.com
                                                              rotbart@wtotrial.com
                                                              ferries@wtotrial.com
                                                              homiak@wtotrial.com

                                                     and

                                                     Erica T. Grossman
                                                     Holland, Holland Edwards & Grossman, PC
                                                     1437 High Street
                                                     Denver, CO 80218
                                                     Email:  egrossman@johnhollandlaw.com

                                                     Attorneys for Plaintiff John Snorsky

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on July 7, 2023, I electronically filed the foregoing **PLAINTIFF JOHN SNORSKY'S TRIAL BRIEF** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Erica Tick Grossman**
  egrossman@johnhollandlaw.com, dan@hheglaw.com, john@hheglaw.com,
  brooke@hheglaw.com, rachel@hheglaw.com, anna@hheglaw.com

- **Nathan Andrew Klotz**
  nklotz@dietzedavis.com, ckennedy@dietzedavis.com

- **William A. Rogers , III**
  wrogers@dietzedavis.com, ckennedy@dietzedavis.com


*s/ Kevin D. Homiak*
Kevin D. Homiak